In the Matter of JOHN SCUDERI, Appellant, v BOARD OF EDUCATION FOR THE CITY SCHOOL DISTRICT OF THE CITY OF YONKERS et al., Respondents. —In a proceeding pursuant to CPLR article 78 to compel respondents to reinstate petitioner to his former position as a janitor in the City School District of the City of Yonkers, petitioner appeals (1) from a judgment of the Supreme Court, Westchester County, dated May 13, 1974, which granted respondents' motion to dismiss the petition and (2) as limited by petitioner's brief, from so much of an order of the same court, entered September 19, 1974, as, upon reargument, adhered to the original determination. Appeal from the judgment dismissed as academic. The judgment was superseded by the order granting reargument. Order reversed insofar as appealed from, on the law, and respondents' motion denied. Respondents' time to answer the petition is hereby extended until 20 days after entry of the order to be made hereon. Appellant is awarded $20 costs and disbursements to cover both appeals. Petitioner was employed by permanent appointment in the competitive class of the civil service of the City School District of the City of Yonkers as a janitor from October, 1966 until January 16, 1973, when he was summarily suspended for cause. The petition herein served on February 19, 1974 with petitioner's supporting affidavit, alleges that petitioner was advised by his union representative a day after the suspension to await receipt of formal charges, that such charges were not received and that his supervisor informed him that the matter had been sent to the city's Corporation Counsel for the preparation of charges. Petitioner also claims that, after making numerous fruitless informal demands for charges, he made a formal demand by a letter dated September 19, 1973, for reinstatement or service of charges pursuant to section 75 of the Civil Service Law and that that demand was refused by a letter dated October 17, 1973 from the City of Yonkers. Thereafter, respondents moved to dismiss the petition

on the ground that it failed to state facts sufficient to entitle petitioner to relief in that more than four months had elapsed from the date of suspension to the date of the formal demand for reinstatement and that more than 13 months had elapsed from the date of suspension to the date of commencement of this proceeding (CPLR 217). In opposition, a representative of petitioner's union deposed that he was advised on March 15, 1973 by the superintendent of buildings of the school district, and on April 1, 1973 by the office of the Yonkers Corporation Counsel, that charges were being prepared and would be served in due course. It is further stated in that affidavit that numerous other inquiries were made on petitioner's behalf, all to no avail, and that petitioner finally, on September 19, 1973, made his formal demand for reinstatement. Special Term granted the motion to dismiss on the above-stated grounds advanced by respondents and on the further ground, as stated in the decision, that "the respondent points out to the Court" that more than four months had elapsed between the time petitioner's demand for reinstatement was refused and the commencement of this proceeding (CPLR 217). In our opinion, Special Term erred in granting the motion to dismiss. The latter ground advanced by Special Term, i.e., the defense of the four-month Statute of Limitations (CPLR 217), was improperly relied on. That defense is an affirmative one, which must be specifically raised in respondents' papers, which was not done at bar, or else is waived. Moreover, the time within which to commence this proceeding ran from October 17, 1973, the day petitioner's demand for reinstatement was denied (see *Matter of Allstate Ins. Co. v Stewart,* 36 AD2d 811; *Matter of Central School Dist. No. 2 v New York State Teachers' Retirement System,* 27 AD2d 265, 267–268, affd 23 NY2d 213). Consequently, the last day to commence this proceeding was February 17, 1974 (see General Construction Law, § 30). That day was a Sunday and the next day, February 18, was a national holiday, i.e., Washington's Birthday. Under section 25-a of the General Construction Law petitioner's time to commence this proceeding was extended to the next business day, February 19, on which date the instant proceeding was in fact commenced. Indeed, respondents in their brief on this appeal do not contest or pursue this point, but rather contend that petitioner was guilty of laches in making his formal demand for reinstatement. It has been held that where a petitioner does not make a reasonably prompt demand and there is no excuse for the elapsed time, the courts will deny the relief sought on the basis of laches *(Austin v Board of Higher Educ. of City of N. Y.,* 5 NY2d 430). Moreover, the doctrine of laches here involved is not the equitable doctrine of laches and thus "it is immaterial whether or not the delay caused any prejudice" *(Matter of Devens v Gokey,* 12 AD2d 135, 137, affd 10 NY2d 898). However, petitioner alleged below, and nowhere was it denied in the record, that he and his representatives made numerous informal demands for service of charges and that respondents or their agents represented to him that the charges were being prepared and would be forthcoming shortly. Under these circumstances, it is our view that any delay herein in making formal demand for reinstatement was not the result of petitioner's neglect and cannot be the basis for a defense of laches. Gulotta, P. J., Rabin, Hopkins, Latham and Margett, JJ., concur.