■ In the Matter of HARRY KOLSON, Appellant, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION et al., Respondents.—Judgment, Supreme Court, New York County, entered February 6, 1976, granting respondents' cross motions to dismiss the proceeding as barred by the Statute of Limitations (CPLR 217), unanimously modified on the law to the extent of reinstating the petition insofar as it seeks a direction that respondents afford petitioner a proper hearing according to the by-laws of the Metropolitan Hospital Center and holding the cross motions in this respect in abeyance pending a hearing in the Supreme Court on the issue of the dates of petitioner's demand for and respondents' refusal to accord an administrative hearing and on the issue of petitioner's right to such a hearing, *i.e.,* the applicability to his situation of the by-laws on which he relies and, as so modified, the judgment is affirmed, without costs and disbursements, and the matter remanded for a hearing. The petition in this article 78 proceeding seeks not only reinstatement upon review of the administrative determination terminating petitioner's employment, but *also* a direction to the respondents to afford petitioner a proper hearing in accordance with the by-laws promulgated by the New York Medical College governing the medical staff at the Metropolitan Hospital. Study of the record mandates the conclusion that Special Term properly applied the Statute of Limitations insofar as the petition sought reinstatement. However, a different result is required insofar as the petition also sought to compel the respondents to accord petitioner a hearing under the by-laws of the Hospital. A distinction exists between an article 78 proceeding in the nature of review of an administrative determination and one brought to compel (mandamus) requisite administrative action. Where a petitioner seeks mandamus to compel the performance of a duty enjoined on an administrative body by-law, the Statute of Limitations begins to run upon the refusal to perform such duty. Implicit in the requirement of the by-laws respecting a hearing is a serious due process issue. However, the record herein does not permit a sufficient determination as to the applicability of the by-laws to the petitioner thereby raising an underlying question of whether he has the right to be served with written charges and be accorded a hearing and, assuming such right, *when* petitioner requested and respondents unequivocally refused and rejected his demand for a hearing. Of course, if petitioner did not seasonably request a hearing, there is no duty on respondents' part, absent some other compelling factor, to afford him such hearing. In a somewhat analagous situation, the Appellate Division, Second Department, in a well-reasoned opinion by Justice Shapiro, observed: "But, as was recently noted in *Matter of Sirles v. Cordary* (49 A.D. 2d 330, 332): 'The weight of authority, however, supports the proposition that an employee, such as petitioner herein, who is discharged from his * * * position *without a hearing* is not required to seek reinstatement within four months from discharge, but may delay until such time as he has demanded reinstatement and has been refused, provided he has not so unduly delayed seeking reinstatement as to be guilty of laches

(*Matter of Burke v. Village of Johnson City,* 36 A.D. 2d 202, affd. 29 N.Y. 2d 846; see, also, *Austin v. Board of Higher Educ.,* 5 N.Y. 2d 430).' (Emphasis supplied.) (See, also, to the same effect, *Flomenbaum v. Drug Abuse Control Comm.,* 50 A.D. 2d 20, 22–23.) * * * 'It is necessary to make a demand and await a refusal before bringing a proceeding in the nature of mandamus and in the latter type of proceeding the Statute of Limitations does not run out until four months after the refusal (22 Carmody-Wait, NY Prac, § 289, pp. 378–379). This does not mean that the aggrieved party can, by delay in making his demand, extend indefinitely the period during which he is required to take action. If he does not proceed promptly with his demand he may be charged with laches (22 Carmody-Wait, NY Prac, §§ 289, 297, pp. 379, 388–390). In this connection it is noteworthy that it has been specifically held that delay on the part of one removed from office in demanding reinstatement, for which there is no excuse, constitutes laches, which is a good defense to his proceeding under article 78 *(Matter of Peruzzin v. Test,* 282 App. Div. 550).' * * * In *Matter of Scuderi v. Board of Educ.,* (49 A.D. 2d 942), the article 78 proceeding was brought more than one year after the initial suspension. Furthermore, in *Scuderi,* [the] court held that * * * the delay would have been excusable because it was the result of respondent's failure to respond promptly to petitioner's numerous informal demands for service of charges and its statements during that period to petitioner and his representatives that charges were being prepared and would be forthcoming shortly." *(Matter of Johnson v Director, Downstate Med. Center, State Univ. of N. Y.,* 52 AD2d 357.) Concur—Markewich, J. P., Lupiano, Birns, Nunez and Yesawich, JJ.