■ In the Matter of CALVIN THOMPSON et al., Appellants, v CITY OF POUGHKEEPSIE SCHOOL DISTRICT, Respondent. — In a proceeding pursuant to CPLR article 78 to review determinations of the respondent dismissing petitioners from their employment and to compel respondent to reinstate them with all back pay, benefits and accruals, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Dutchess County (Rosenblatt, J.), dated January 26, 1983, which, *inter alia,* dismissed the petition. Order and judgment reversed, on the law, with costs, petition granted to the extent of directing the respondent to reinstate the petitioners to their positions of employment and to pay them the salaries they would have earned had they not been discharged, less the amount of compensation they may have earned in any other employment or occupation and any unemployment benefits they may have received in the interim, and petition denied in all other respects, without prejudice to respondent, if it be so advised, to seek to terminate petitioners' employment upon stated charges after a hearing in accordance herewith. Petitioners Calvin Thompson and Willy Lamb were "custodial workers" employed by the respondent school district in the permanent, noncompetitive class of the classified civil service of the State of New York,

commencing in August, 1975, and October, 1975, respectively. Petitioners' employment was terminated on September 11, 1981 without benefit of a hearing. Subdivision 4 of section 2509 of the Education Law provides: "Clerks, draftsmen, inspectors, chemists, tabulating machine operators, auditors, secretaries, stenographers, copyists, statisticians, *janitors, custodians, custodian-engineers,* and all other administrative employees of a board of education, unless otherwise provided in this chapter, shall be appointed for a probationary period provided in the civil service law and regulations based thereon. The service of a person appointed to any of such positions may be discontinued by the board of education at any time during such probationary period. Such persons and all others employed in the administrative service of the board of education who have served the full probationary period shall hold their respective positions during good behavior and efficient and competent service, and shall not be removed except for cause after a hearing by the affirmative vote of a majority of the board" (emphasis added). In our view, the italicized portion of the statute encompasses custodial workers; petitioners qualify for the statute's protections. Consequently, petitioners were entitled to a hearing (cf. *Matter of Voorhis v Warwick Val. Cent. School Dist.,* 92 AD2d 571). Moreover, this proceeding is not barred by the Statute of Limitations (see CPLR 217). In *Matter of De Milio v Borghard,* (55 NY2d 216, 220), the Court of Appeals said: "If the discharged employee is entitled to but is deprived of a hearing, his remedy is by way of mandamus to compel. This remedy lies to compel the performance of a ministerial act enjoined by law * * * As we noted in *Austin v Board of Higher Educ.* (5 NY2d 430, 442), 'in the case of a proceeding in the nature of mandamus, the aggrievement does not arise from the final determination but from the refusal of the body or officer to act or to perform a duty enjoined by law.' Accordingly, the limitations period for a discharged employee who has been denied a right to a mandated hearing runs from the date his demand for reinstatement was refused." In the case at bar, petitioners' request for a hearing was denied by letter dated December 31, 1981. This proceeding was commenced on or about March 29, 1982 — within the period prescribed by CPLR 217. Respondent concedes that, if petitioners are found to be entitled to a hearing, the Statute of Limitations would not bar this proceeding. We therefore reverse the order and judgment (one paper) of Special Term and grant the petition to the extent of directing respondent to reinstate petitioners and to pay them the salaries they would have earned, less the amount of compensation they may have earned in any other employment or occupation and any unemployment insurance benefits they may have received during their termination periods (see *Sinicropi v Bennett,* 92 AD2d 309, affd 60 NY2d 918). Mollen, P. J., Thompson, Rubin and Boyers, JJ., concur.