In the Matter of GEORGE SCHUCK, Respondent, v BOARD OF EDUCATION OF SOUTH COUNTRY CENTRAL SCHOOL DISTRICT, TOWN OF BROOKHAVEN, Appellant. — In a proceeding pursuant to CPLR article 78 to compel appellant to reinstate petitioner to his position as a school custodial worker with retroactive pay and contractual benefits and to give petitioner a termination hearing, the appeal is from a judgment of the Supreme Court, Suffolk County (Vitale, J.), dated June 13, 1984, which granted the relief requested.

Judgment reversed, on the law, with costs, and proceeding dismissed on the merits.

Petitioner, a custodial worker employed by respondent Board of Education of South Country Central School District, Town of Brookhaven, was discharged without a formal hearing on December 13, 1983 for unsatisfactory job performance and excessive lateness and absence from work. He subsequently commenced the instant proceeding, seeking, *inter alia,* a formal termination hearing. Special Term granted this relief, reasoning that petitioner was entitled to a formal hearing pursuant to Education Law § 2509 (4). This was error.

Section 2509 is part of article 51 of the Education Law and, as such, applies only to *city* school districts with less than 125,000 inhabitants (Education Law § 2501). Appellant is a *central* school district and, as such, it is governed by the provisions of article 37 of the Education Law, which contains no provisions regarding the granting of termination hearings to central school district employees. Therefore, petitioner is not entitled to such a hearing (*Matter of Voorhis v Warwick Val. Cent. School Dist.,* 92 AD2d 571). Special Term's reliance on our recent decision in *Matter of Thompson v City of Poughkeepsie School Dist.* (99 AD2d 550) was improper because that case involved an employee of a city school district who was, by statute, entitled to a formal termination hearing.

Moreover, we are unpersuaded by petitioner's argument (raised for the first time on this appeal) that Education Law § 2509 (4) should be read so as to apply to all school districts instead of just city school districts. Such a reading of the provision would impermissibly broaden the narrow application which the Legislature obviously intended it to have by placing it solely within article 51 of the Education Law. Moreover, the differences which exist in the various articles of the Education Law are rationally related to the furtherance of the State's goal of providing maximum efficiency among school districts of different sizes. We therefore reject petitioner's contention that the denial of hearings to central school district employees violates

their equal protection rights. We have examined petitioner's remaining contentions and find them to be without merit. Lazer, J. P., Mangano, O'Connor and Brown, JJ., concur.