■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Appellants, v BOARD OF EDUCATION, PATCHOGUE-MEDFORD UNION FREE SCHOOL DISTRICT, et al., Respondents. [657 NYS2d 439] —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondents to appoint the petitioner Lorraine Fishman to the classified civil service position of senior stenographer, the appeal is from an order of the Supreme Court, Suffolk County (Underwood, J.), dated September 7, 1994, which granted the respondents' motion to dismiss the petition on the ground that it was time-barred.

Ordered that the order is affirmed, with costs.

The petitioner Lorraine Fishman was employed by the respondent Board of Education, Patchogue-Medford Union Free School District (hereinafter the District) in the classified civil service position of stenographer. By letter dated March 30, 1993, the Suffolk County Department of Civil Service (hereinafter Civil Service) advised the District that it had reviewed Fishman's duties and responsibilities, and as a result was reclassifying her position to senior stenographer. The letter further advised that Fishman was eligible for appointment to that title. Thereafter, the District received from Civil Service a promotional list for the position of senior stenographer. Fishman was ranked first on the list.

By letter dated June 8, 1993, the District returned the promotional list to Civil Service, indicating that it would not be making an appointment to the position of senior stenographer at that time. Fishman was informed that she would not be appointed to the position on the same date. The instant proceeding pursuant to CPLR article 78 in the nature of mandamus was commenced on March 25, 1994, seeking, *inter alia,* to compel the District to appoint Fishman to the position of senior stenographer. The Supreme Court thereafter granted a motion by the District to dismiss the proceeding, *inter alia,* on the ground that it was barred by the four-month Statute of Limitations *(see,* CPLR 217 [1]). We affirm.

Before commencing a proceeding in the nature of mandamus, it is necessary to make a demand and await a refusal, and the Statute of Limitations begins to run on the date of the refusal and expires four months thereafter *(see, Austin v Board of Higher Educ.,* 5 NY2d 430, 442; *Matter of Thompson v City of Poughkeepsie School Dist.,* 99 AD2d 550; *Matter of Kolson v New York City Health & Hosps. Corp.,* 53 AD2d 827). The aggrieved party cannot, by delay in making his or her demand, extend indefinitely the period during which he or she is required to take action. If the allegedly aggrieved party does not proceed promptly and make a formal demand, he or she may be charged with laches *(see, Austin v Board of Higher Educ., supra; Matter of Kolson v New York City Health & Hosps. Corp., supra).*

Here, notwithstanding that Fishman knew in June 1993 that the District was not going to appoint her to the position of senior stenographer, she made no formal demand upon the District until she commenced this proceeding in March 1994. Under these circumstances, we conclude that Fishman so delayed in bringing the proceeding that she is barred by laches *(see, Austin v Board of Higher Educ., supra).* Mangano, P. J., Bracken, Thompson and McGinity, JJ., concur.