Matter of Barklee 94 LLC v New York City Dept. of Fin. (2020 NY Slip Op 03180)





Matter of Barklee 94 LLC v New York City Dept. of Fin.


2020 NY Slip Op 03180


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Friedman, J.P., Kapnick, Kern, Singh, González, JJ.


11593 101403/17

[*1] In re Barklee 94 LLC, Petitioner-Appellant,
v
New York City Department of Finance, Respondent-Respondent.


Barbara Kraebel, Attorney at Law, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Daniel Joy of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Shlomo Hagler, J.), entered May 31, 2018, which granted respondent's motion to deny the petition to compel it to issue a more detailed 2017-2018 property tax bill, preclude any interest or penalty charges resulting from the revocation of past years' School Tax Rebate (STAR) credits due to ineligibility, and require it to provide the Senior Citizen Rent Increase Exemption (SCRIE) through the period covered by the tax bill, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner failed to exhaust its administrative remedies prior to seeking judicial relief (see Young Men's Christian Assn. v Rochester Pure Waters Dist. , 37 NY2d 371, 375 [1975]). First,
petitioner did not make a demand for a more detailed tax bill that was rejected (see Matter of Kolson v New York City Health & Hosps. Corp. , 53 AD2d 827, 828 [1st Dept 1976]). Second, petitioner did not await the result of its administrative appeal to the New York City Tax Commission, by which it challenged the STAR revocation that resulted in interest charges, before commencing this proceeding (see Real Property Tax Law § 425[12][b][ii], [12][c]). Third, petitioner did not contest before the Tax Commission any penalties that may have resulted from the STAR revocation (see Slater v Gallman , 38 NY2d 1 [1975]; see Real Property Tax Law § 425[13][a], [b]). Finally, petitioner concedes that it did not seek administrative review of any alleged failure to provide, or delay in providing, SCRIE credits.
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK