In the Matter of HARRY DEVENS, Respondent, *v.* NEIL GOKEY, as Commissioner of Public Safety of the City of Oswego, et al., Appellants.

Fourth Department, January 5, 1961.

*Thomas F. Zaia* for appellants.

*Leyden E. Brown* for respondent.

*Per Curiam.* This is a proceeding under article 78 of the Civil Practice Act in the nature of mandamus, seeking to compel the Commissioner of Public Safety of the City of Oswego to reinstate the petitioner as a fireman in the employ of the city pursuant to section 207-a of the General Municipal Law. The petitioner was injured during the course of his employment. The record indicates he was misled by statements of the Commissioner of Public Safety into believing that he had to accept disability retirement under the State Retirement System and because of this erroneous belief acquiesced in his retirement on May 5, 1951 and accepted benefits from that system. The petitioner first became aware of his rights to remain on the city payroll and receive full pay under the law previously mentioned in the Summer of 1953, when he consulted an attorney. The present proceeding it was stipulated was deemed commenced on October 7, 1955. The court below held that the institution of the proceeding should be treated as a demand, and that there was no showing of any excuse for the delay between the Summer of 1953 and the making of the demand in October, 1955.

Under section 1286 of the Civil Practice Act, a proceeding in the nature of mandamus " to compel performance of a duty specifically enjoined by law " must be instituted within four months " after the respondent's refusal, upon the demand of the petitioner * * * to perform his duty ". This limitation was imposed by chapter 526 of the Laws of 1937. It is the settled law that the demand must be made within a reasonable time after the right to make the demand occurs or in a case

similar to the present where the petitioner had been misled by the respondent's conduct, within a reasonable time after he becomes aware of the facts which give rise to his right of relief. (*Matter of Amsterdam City Hosp.* v. *Hoffman,* 278 App. Div. 292; *Austin* v. *Board of Higher Educ.,* 5 N Y 2d 430.) "If he does not proceed promptly with his demand he may be charged with laches (22 Carmody-Wait, New York Practice, §§ 289, 297, pp. 379, 388–390). In this connection it is noteworthy that it has been specifically held that delay on the part of one removed from office in demanding reinstatement, for which there is no excuse, constitutes laches which is a good defense to his proceeding under article 78 (*Matter of Peruzzin* v. *Test,* 282 App. Div. 550)" (*Austin* v. *Board of Higher Educ., supra,* p. 442).

The term laches, as used in connection with the requirement of the making of a prompt demand in mandamus proceedings, refers solely to the unexcused lapse of time. The requirement of a prompt demand is part of the statutory scheme for the imposition of a short Statute of Limitations in article 78 proceedings. The term does not refer to the equitable doctrine of laches. If there is an unexcused delay in making the demand, the four months' Statute of Limitations will be deemed to have begun to run at the time the demand should have been made. (Cf. Civ. Prac. Act, § 15.) The problem in these proceedings is one of the Statute of Limitations and not one of the equitable doctrine of laches and it is immaterial whether or not the delay caused any prejudice to the respondent.

Even though we treat a four months' period as a measure of permissible delay in the making of the demand (*Matter of Amsterdam City Hosp.* v. *Hoffman, supra,* p. 297), it would give an aggrieved person four months to make a demand and four months thereafter to bring the proceeding. Applying this standard to the present case, the proceeding was barred, since it had been instituted more than eight months after the discovery of the facts.

The wrong complained of may be treated as a wrongful removal of the petitioner. (*Matter of Dushane* v. *Kazmierczak,* 192 Misc. 23, affd. 274 App. Div. 1025.) In the case of a wrongful removal or dismissal of a public employee, there is no need for a further demand and refusal; the removal or dismissal is deemed to constitute a demand and refusal and the Statute of Limitations begins to run at once. (*Matter of McDermott* v. *Johnson,* 2 N Y 2d 608.) However, in this case because of the misapprehension on the part of the petitioner, brought about by the misrepresentation of the respondent, the Statute of Limitations did not begin to run until the misapprehension had been

dissipated. (Cf. Civ. Prac. Act, § 48, subd. 5.) But in the case at bar the petitioner discovered the facts giving rise to his right to nullify his retirement and to seek reinstatement in the Summer of 1953. The Statute of Limitations had begun to run then and this proceeding was barred even under the aspect above discussed.

Present — BASTOW, J. P., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ.

Orders unanimously reversed on the law and petition dismissed, without costs.