■ In the Matter of ALDO BARBOLINI, Appellant, v WILLIAM G. CONNELIE, as Superintendent of the New York State Police, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered February 1, 1978 in Albany County, upon an order which granted respondent's motion to dismiss petitioner's application, in a proceeding pursuant to CPLR article 78, upon an objection in point of law. Petitioner, on or about September 1, 1977, commenced a proceeding pursuant to CPLR article 78 for a judgment directing the respondent to hold a hearing on the voluntariness of his resignation as a trooper in the New York State Police dated September 17, 1971, and directing respondent to reinstate him with back pay. Petitioner became a trooper with the New York State Police on May 6, 1968, and on September 9, 1971 was assigned to duty at the Attica Prison to assist in quelling a riot in the prison. Commencing on September 14, 1971, he was allegedly subjected to three days of intensive and prolonged interrogation by his superiors and other police investigators coupled with threats that he would be thrown into the yard or area where the Attica prisoners were being detained, and would be indicted for murder or other crimes unless he resigned. During the interrogation, he allegedly was required to go for prolonged periods without food, and he was suffering from physical, mental and emotional exhaustion, having accumulated 87 hours of overtime during the nine days preceding his alleged involuntary signing of a document on September 17, 1971 which was considered by respondent to be a resignation. Subsequent to September, 1971, petitioner's activities during the Attica riots were the subject of intensive criminal and governmental investigations but no criminal charges were brought against petitioner. It is also alleged that his superiors and the investigators who interrogated him knew or should have known that there was no evidence that he had committed a crime, and they had fraudulently induced him to sign the alleged resignation. On April 29, 1977, he requested a hearing on the illegality and fraudulence of his termination and requested reinstatement with back pay which was denied by letter dated May 6, 1977. Petitioner alleges that he is entitled to a hearing on the voluntariness of his resignation on the ground that, if it was not voluntary, he was wrongfully terminated without a hearing required by section 215 of the Executive Law. On October 20, 1977, respondent interposed objections in point of law asserting that (1) the proceeding was not timely commenced; (2) petitioner was guilty of laches; and (3) petition failed to state grounds for relief. In a reply affidavit dated November 25, 1977, petitioner stated that his failure to request a hearing was brought about by

State Police threats that criminal charges were going to be brought against him, and that he was fearful that he would be subjected to further improper and unfounded criminal charges if he sought relief during the criminal investigation being conducted against him and other police personnel which did not terminate until 1977. Attached to an affirmation by petitioner's attorney, dated December 14, 1977, is a copy of a letter by petitioner to the Director of Personnel of the New York State Police dated Janaury 12, 1972 which reads, in part, as follows: "I wish to apply for reinstatement to the New York State Police. At the time of my resignation, September 17, 1971, I was assigned to Troop F, at Stony Point, N.Y. I will accept assignment anywhere in New York State." Also attached to this affirmation is the reply to this letter by the Deputy Superintendent of the New York State Police, dated January 17, 1972, stating, in part: "Due to the present fiscal problems in the State, there is a freeze on all vacancies and, therefore, no consideration can be given to your request." Special Term determined that the proceeding was not barred by the Statute of Limitations (CPLR 217), but petitioner was guilty of gross laches, having delayed his claim for reinstatement based upon a coerced resignation until more than five and one-half years after the alleged wrong. Petitioner contends that the equitable defense of laches is not available where the respondent engaged in fraud, force and duress, and that an essential element of laches is prejudice which respondent failed to establish. In a proceeding in the nature of mandamus, the aggrievement arises from the refusal of the body or officer to act or to perform a duty enjoined by law. Thus, it is necessary to make a demand and await a refusal before bringing a proceeding in the nature of mandamus, and the Statute of Limitations does not become effective until four months after the refusal. The aggrieved party cannot, however, "by delay in making his demand, extend indefinitely the period during which he is required to take action. If he does not proceed promptly with his demand he may be charged with laches * * * In this connection it is noteworthy that it has been specifically held that delay on the part of one removed from office in demanding reinstatement, for which there is no excuse, constitutes laches which is a good defense to his proceeding under article 78 *(Matter of Peruzzin v. Test,* 282 App. Div. 550)." *(Austin v Board of Higher Educ.,* 5 NY2d 430, 442; see *Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds,* 46 NY2d 488; *Matter of Gargiul v Board of Educ.,* 54 AD2d 1085, mot for lv to app den 41 NY2d 802; *Matter of Burke v. Village of Johnson City,* 36 AD2d 202, affd 29 NY2d 846.) "The term laches, as used in connection with the requirement of the making of a prompt demand in mandamus proceedings, refers solely to the unexcused lapse of time. The requirement of a prompt demand is part of the statutory scheme for the imposition of a short Statute of Limitations in article 78 proceedings. The term does not refer to the equitable doctrine of laches. If there is an unexcused delay in making the demand, the four months' Statute of Limitations will be deemed to have begun to run at the time the demand should have been made. (Cf. Civ. Prac. Act, § 15.) The problem in these proceedings is one of the Statute of Limitations and not one of the equitable doctrine of laches and it is immaterial whether or not the delay caused any prejudice to the respondent." *(Matter of Devens v Gokey,* 12 AD2d 135, 137, affd 10 NY2d 898; see *Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds,* 46 NY2d 488, *supra.)* Petitioner sought reinstatement by letter dated January 12, 1972 at which time he made no mention of being illegally and fraudulently terminated. This application may be considered as an application pursuant to the rules and regulations of the Division of State

Police which authorize the reappointment of a member who has resigned to be made without examination within one year from the date of the resignation. We are not informed as to the date when the petitioner's apprehension dissipated but his affidavit of November 25, 1977 would indicate that his delay in requesting a hearing was not due to apprehension but, rather, to fear that he would be subjected to further improper and unfounded charges. The petition alleges that petitioner and other troopers were the subject of an extensive criminal and governmental investigations, and his supporting affidavits indicate that he was the only one that resigned. He does not show what induced his fear of further improper and unfounded criminal charges other than the fact that the investigation was a continuing one and evidence was being submitted to the Wyoming County Grand Jury. No charges were ever made against petitioner and, although he was the subject of investigation by the Grand Jury, the investigation by a Grand Jury is not sufficient to induce a fear of unfounded or improper criminal charges. Although the article 78 proceeding was commenced within four months of the refusal to reinstate petitioner contained in the superintendent's letter of May 6, 1977, nevertheless, petitioner's delay of more than five and one-half years from the date of his resignation in applying for reinstatement on April 29, 1977 was properly held by Special Term to be unreasonable and the judgment should be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.