■ In the Matter of JOHN J. MCKENZIE, Appellant, v COMPTROLLER OF THE STATE OF NEW YORK, Respondent. [702 NYS2d 408] —Crew III, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered June 10, 1998 in Albany County, which granted respondent's motion to dismiss the petition as, *inter alia*, untimely.

In August 1996 petitioner, a retired State employee, received a check from the Department of Public Service for underpayment of wages during the course of his employment. By letter dated September 8, 1997, petitioner demanded interest on his back pay. On November 7, 1997, respondent denied petitioner's request for interest, prompting commencement of this CPLR article 78 proceeding on March 2, 1998. Respondent's subsequent motion to dismiss the petition as, *inter alia*, untimely was granted by Supreme Court and this appeal ensued.

We affirm. Even assuming, as petitioner contends, that this proceeding is one in the nature of mandamus to compel, he still cannot prevail. Although the applicable four-month Statute of Limitations indeed would not begin to run until the date petitioner's demand for interest was refused (*see, Matter of De Milio v Borghard*, 55 NY2d 216, 220), "[t]his does not mean [petitioner] can, by delay in making [such] demand, extend indefinitely the period during within which he is required to

take action" (*Austin v Board of Higher Educ.*, 5 NY2d 430, 442). "If such a delay is unreasonable, petitioner will be guilty of laches and his proceeding barred [citation omitted]" (*Matter of Tumminia v Coughlin*, 182 AD2d 885, 886; *see, Matter of Connell v Town Bd.*, 113 AD2d 359, 364, *affd* 67 NY2d 896). Here, the 13-month delay between petitioner's receipt of back pay and his demand for interest thereon is lengthy, unexplained and, in our view, unreasonable (*see, Matter of Civil Serv. Empls. Assn. v Board of Educ.*, 239 AD2d 415). The judgment dismissing the petition is, therefore, affirmed.

Cardona, P. J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.