■ In the Matter of JACOB S. THOMAS, Appellant, v JAMES L. STONE, as Commissioner of the State of New York Office of Mental Health, Respondent. [725 NYS2d 749] —Crew III, J. P. Appeal from a judgment of the Supreme Court (McNamara, J.), entered August 18, 2000 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as untimely.

Petitioner is the former Deputy Director of Psychiatric Center 2, a facility operated by the State Office of Mental Health. In 1997, petitioner was reassigned to another facility and, as a result, he commenced an action in Federal court against, among others, respondent, alleging that his reassignment was discriminatory in violation of the Civil Rights Act of 1964. During the pendency of that action, petitioner was terminated from his employment effective March 17, 1999. Petitioner thereafter amended his Federal complaint, asserting that his termination was retaliatory and demanding to be reinstated. Following the service of an answer, a trial ensued, at the conclusion of which the District Court ruled that petitioner's claims lacked merit.

In February 2000, petitioner requested a pretermination hearing in accordance with Civil Service Law § 75 (1) (b). On March 16, 2000, petitioner's request was denied, prompting petitioner to commence this CPLR article 78 proceeding seeking to compel respondent to reinstate him to the position of Deputy Director of Psychiatric Center 2. Respondent's motion to dismiss the petition upon the ground that the proceeding was barred by the Statute of Limitations was granted and this appeal ensued.

Petitioner contends that Supreme Court's reliance upon the defense of laches was erroneous as a matter of law inasmuch as respondent did not raise the defense as a basis for dismissal. We disagree. Laches in the context of a mandamus proceeding has to do with the Statute of Limitations, not with the equitable doctrine of laches (*see, Matter of Devens v Gokey*, 12 AD2d 135, 137, *affd* 10 NY2d 898). Inasmuch as respondent's motion to dismiss was premised upon, *inter alia*, petitioner's failure to timely commence this proceeding, Supreme Court quite properly considered whether petitioner was guilty of laches.

A CPLR article 78 proceeding in the nature of mandamus to compel is the appropriate remedy for a discharged employee who claims entitlement to, but did not receive, a pretermination hearing (*see, Matter of De Milio v Borghard*, 55 NY2d 216, 220). The Statute of Limitations for a discharged employee who has been denied a mandated hearing runs from the date that the demand for reinstatement was refused (*see, id.*, at 220). However, the four-month Statute of Limitations for review of such an administrative determination cannot be frustrated by the simple expedient of delaying the demand for a hearing so as to toll the statute (*see, Austin v Board of Higher Educ.*, 5 NY2d 430, 442). As a consequence, it has been held that a four-month period is the measure of permissible delay in the making of a demand (*see, Matter of Amsterdam City Hosp. v Hoffman*, 278 App Div 292, 297). Accordingly, petitioner had until July 17, 1999 to timely demand a pretermination hearing. As petitioner failed to make such a demand until February 2000, Supreme Court correctly determined that petitioner was guilty of laches and that commencement of this proceeding was untimely.

Moreover, even assuming that Supreme Court erroneously relied upon laches to dismiss the petition as untimely, the petition nevertheless was properly dismissed as barred by the applicable four-month Statute of Limitations. It frequently has been recognized that the very service of a petition will be deemed a demand and an answer thereto a refusal (*see, e.g., Community Bd. No. 3 v State of New York, Off. of Mental Retardation & Dev. Disabilities*, 76 AD2d 851, 852). Consequently, petitioner's filing of the second amended complaint in his Federal action on June 1, 1999, which demanded reinstatement, constituted his demand and respondent's answer thereto constituted a refusal. As such, commencement of this proceeding approximately 11 months later was patently untimely.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.