■ In the Matter of CANDICE BLUE, Respondent, v COMMISSIONER OF SOCIAL SERVICES, Appellant. [762 NYS2d 630] —In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the Commissioner of Social Services to pay to the petitioner child support that it had received on her behalf, the appeal is from a judgment of the Supreme Court, Richmond County (Gigante, J.), dated July 12, 2002, which granted the petition to the extent of directing the Commissioner of Social Services to pay the petitioner the principal sum of $45,164.86.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

Pursuant to a judgment of divorce dated March 6, 1980, the petitioner's former husband, Robert E. Weber, was ordered to pay her weekly child support. In an order dated August 18, 1981, the Family Court, Richmond County, ordered Weber to pay child support to the petitioner through the Child Support Enforcement Unit (hereinafter the CSEU). During the period from August 18, 1981, through January 1996, Weber paid a total of $45,726.36 to the CSEU. In or about October 2001 the petitioner commenced the instant proceeding pursuant to CPLR article 78 alleging that the CSEU failed to forward the child support to her, and sought a judgment directing the appellant Commissioner of Social Services of the City of New York to pay her the aforesaid sum. In its amended verified

answer to the petition, the appellant admitted that. it had received a total of $45,726.36 in payments from Weber, including $45,163.36 prior to January 1, 1996. According to the appellant, its records showed that the petitioner received the full amount, however, because of the petitioner's delay in commencing the instant proceeding, copies of the appellant's canceled checks for payments made between 1981 and 1995 were no longer available. The appellant submitted canceled checks showing that the petitioner received $562.50 from it after January 1, 1996. The Supreme Court granted the petition to the extent of ordering the appellant to pay the petitioner the principal sum of $45,164.86. We reverse.

"Before commencing a proceeding in the nature of mandamus, it is necessary to make a demand and await refusal. The Statute of Limitations begins to run on the date of the refusal and expires four months thereafter. The period in which action is to be taken cannot be indefinitely extended by delaying the demand. An allegedly aggrieved party who does not proceed promptly and make a formal demand may be charged with laches" (*Matter of Agoado v Board of Educ. of City School Dist. of City of N.Y.*, 282 AD2d 602, 603 [2001] [citations omitted]; *see Matter of Thomas v Stone*, 284 AD2d 627, 628 [2001], *cert denied* 536 US 960 [2002]; *Matter of Civil Serv. Empls. Assn. v Board of Educ., Patchogue-Medford Union Free School Dist.*, 239 AD2d 415, 416 [1997]). "The reasonable time requirement for a prompt demand should be measured by the four-month Statute of Limitations of CPLR article 78, and thus a demand should be made no more than four months after the right to make the demand arises" (*Matter of Densmore v Altmar-Parish-Williamstown Cent. School Dist.*, 265 AD2d 838, 839 [1999]; *see Matter of Thomas v Stone, supra*).

In the instant case, the petitioner presented no evidence that she ever demanded that the appellant pay her the amount allegedly owed before she commenced this proceeding in October 2001. Further, the record demonstrates that, at the very latest, she was aware of her claim on December 5, 2000, when the Family Court issued an order and findings of fact in a related proceeding advising her that she should seek administrative relief from the appellant. Measuring the petitioner's time within which to make a demand from that date, the doctrine of laches bars this proceeding (*see Matter of Agoado v Board of Educ. of City School Dist. of City of N.Y., supra; Matter of Densmore v Altmar-Parish-Williamstown Cent. School Dist., supra; Matter of Civil Serv. Empls. Assn. v Board of Educ., Patchogue-Medford Union Free School Dist., supra*). Moreover,

the petitioner's delay in commencing this proceeding prevented the appellant from obtaining its canceled checks for payments it claimed to have made to the petitioner prior to January 1, 1996. Florio, J.P., Friedmann, Townes and Mastro, JJ., concur.