■ In the Matter of KEVIN DEGNAN, Respondent, v MERRITT RAHN, as Chief of Police of Greece Police Department, et al., Appellants. [770 NYS2d 255]—Appeal from a judgment (denominated order) of Supreme Court, Monroe County (Bergin, J.), entered December 20, 2002, which denied respondents' motion to dismiss the CPLR article 78 petition, granted the petition and determined that petitioner is entitled to compensation as an investigator/detective and is entitled to maintain that status.

It is hereby ordered that the judgment so appealed from be

and the same hereby is modified on the law by vacating those parts granting the petition and as modified the judgment is affirmed without costs, and respondents are granted 20 days from service of the order of this Court with notice of entry to serve and file an answer.

Memorandum: Respondents appeal from a judgment denying their motion to dismiss the petition, granting the petition and determining that petitioner is entitled to compensation as an investigator/detective retroactive to April 7, 1998, and is further entitled to maintain that status. Because the petition was filed within four months of the denial of petitioner's request for that relief, this proceeding is not time-barred (*see Matter of Densmore v Altmar-Parish-Williamstown Cent. School Dist.*, 265 AD2d 838, 839 [1999], *lv denied* 94 NY2d 758 [2000]). Respondents' submissions are insufficient to establish the equitable bar of laches. "The mere lapse of time, without a showing of prejudice, will not sustain a defense of laches" (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 816 [2003]).

Because respondents were not afforded an opportunity to serve an answer and because the record on this appeal is insufficient to permit resolution of the other issues raised in the petition, we modify the judgment by vacating those parts granting the petition and grant respondents 20 days from service of the order of this Court with notice of entry to serve and file an answer (*see* CPLR 7804 [f]; *Matter of White v County of Jefferson*, 285 AD2d 964 [2001]).

All concur except Hurlbutt, J., who dissents and votes to reverse in accordance with the following memorandum.

Hurlbutt, J. (dissenting). I respectfully dissent. Contrary to the view of the majority, I conclude that respondents have established as a matter of law that this proceeding in the nature of mandamus to compel (*see* CPLR 7803 [1]) is barred by laches. Petitioner alleges in his verified petition that he was appointed as a police officer in respondent Town of Greece (Town) on October 1, 1985, and that, since October 7, 1996, he has performed the duties of an investigator/detective. He asserts that he therefore is entitled to be permanently designated an investigator/detective and to receive the compensation paid to persons in that designation retroactive to April 7, 1998, pursuant to Civil Service Law § 58 (4) (c) (ii). The record establishes that petitioner first demanded recognition and payment as an investigator/detective by letter dated January 23, 2002. The Town denied petitioner's demand for such relief by letter dated March 18, 2002, and petitioner commenced this proceeding on May 13, 2002. Respondents raised an objection in point of law

by motion to dismiss in lieu of answer (*see* CPLR 7804 [f]), asserting that the proceeding is time-barred or, alternatively, that it is barred by laches. Supreme Court denied the motion and summarily granted petitioner the relief sought, fixing petitioner's "status as an investigator/detective" and declaring that petitioner is "entitled to payment, benefits and entitlements which would have accrued since April 7, 1998."

I agree with the majority that this proceeding was timely commenced, inasmuch as it was commenced within four months of the rejection of petitioner's demand for relief (*see* CPLR 217 [1]; *Matter of Densmore v Altmar-Parish-Williamstown Cent. School Dist.*, 265 AD2d 838, 839 [1999], *lv denied* 94 NY2d 758 [2000]). However, no demand for relief was made until January 2002, despite the fact that petitioner allegedly became eligible for the benefits of the statute in April 1998, approximately three years and nine months earlier.

In concluding that respondents failed to establish the equitable bar of laches, the majority relies on *Saratoga County Chamber of Commerce v Pataki* (100 NY2d 801, 816 [2003]), in which the Court of Appeals wrote that "[t]he mere lapse of time, without a showing of prejudice, will not sustain a defense of laches . . . ." That case, however, did not involve a CPLR article 78 proceeding but, rather, it involved a declaratory judgment action. In my view, the decision of the Court of Appeals in *Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds* (46 NY2d 488 [1979], *rearg denied* 46 NY2d 1076 [1979]) is applicable here, inasmuch as it too involved a CPLR article 78 proceeding in the nature of mandamus. The Court in *Sheerin* wrote that, "while invocation of the equitable defense of laches ordinarily requires a showing of prejudice . . ., when the doctrine is invoked in an article 78 proceeding in the nature of mandamus, proof of unexcused delay without more may be enough" (*id.* at 495-496; *see Austin v Board of Higher Educ. of City of N.Y.*, 5 NY2d 430, 442 [1959]). The demand that the respondent undertake its duty must be made within a reasonable time after the right to make the demand accrues (*see Densmore*, 265 AD2d at 839). As this Court wrote in *Densmore*, that time period "should be measured by the four-month Statute of Limitations of CPLR article 78, and thus a demand should be made no more than four months after the right to make the demand arises" (*id.*; *see Matter of Thomas v Stone*, 284 AD2d 627, 628 [2001], *lv dismissed* 96 NY2d 935 [2001], *lv denied* 97 NY2d 608 [2002], *cert denied* 536 US 960 [2002]; *Matter of Blue v Commissioner of Social Servs.*, 306 AD2d 527, 528 [2003]).

Here, the uncontroverted period of delay is three years and

nine months. Petitioner himself offered no excuse whatsoever for the delay. Petitioner's attorney asserted in his affidavit that the delay should be excused because of confusion in the law concerning whether petitioner is entitled to the benefits of Civil Service Law § 58 (4) (c) (ii). Even assuming, arguendo, that petitioner or his attorney initially had reason to doubt whether petitioner qualified for the statutory benefits, I conclude that, as petitioner acknowledges on appeal, any such doubts were dispelled by this Court's decision in *Matter of Pleakis v Peterson* ([appeal No. 3] 281 AD2d 910, 911 [2001]), and that decision was issued 10 months before petitioner made his demand for the statutory benefits. In my view, petitioner's proffered excuse for the delay in making the demand is insufficient as a matter of law (*see Blue*, 306 AD2d at 528; *Matter of McKenzie v Comptroller of State of N.Y.*, 268 AD2d 828 [2000], *lv denied* 95 NY2d 760 [2000]; *Densmore*, 265 AD2d at 839; *Matter of Civil Serv. Empls. Assn. v Board of Educ., Patchogue-Medford Union Free School Dist.*, 239 AD2d 415, 416 [1997]). I therefore would reverse the judgment, grant respondents' motion, and dismiss the petition. Present—Pine, J.P., Wisner, Hurlbutt, Gorski and Lawton, JJ.