D. Andrew Edwards, Jr. Formal Opinion University Counsel No. 2004-F2 State University of New York State University Plaza Albany, New York 12246 Alan P. Lebowitz General Counsel Office of the State Comptroller 110 State Street Albany, New York 12236
Dear Gentlemen:
You have jointly requested the opinion of the Attorney General as to whether the option to join the SUNY Optional Retirement Program ("ORP"), the New York State Teachers Retirement System ("NYSTRS") or the New York State and Local Employees Retirement System ("NYSLERS") can be made effective July 1, 2003 for SUNY medical residents and interns who commenced service prior to that date.
As outlined in your letter and attachment, since approximately 1970, SUNY medical residents and interns[1] were excluded from participation in the public retirement programs and systems otherwise available to SUNY employees, i.e., the SUNY ORP, NYSTRS and NYSLERS. In an October 2002 letter, the Office of the State Comptroller informed SUNY that it considered SUNY medical residents and interns to be state employees and therefore mandatory members of NYSLERS, to the extent they did not participate in the SUNY ORP or NYSTRS. SUNY subsequently determined that it would offer all medical residents and interns currently on the payroll the option of joining ORP or one of the two retirement systems. Pursuant to statute, if the residents and interns fail to make an election, they will be enrolled in NYSTRS (if determined eligible for membership in that system by the NYSTRS Board) or NYSLERS. The option to join or the default enrollment was made effective July 1, 2003, even as to residents and interns who commenced service prior to that date.
BACKGROUND
Since 1976, membership in NYSLERS has been mandatory for all full-time state employees, unless they participate in NYSTRS, the State Police and Fire Retirement System, or a New York City public retirement system, or elect to join an optional retirement program, see Retirement Social Security Law §§ 40(c)(5),500(b)(2), (3) and (4), 600(a), (b)(2) and (3), or they serve on a temporary or provisional basis, see Retirement Social Security Law § 40(g); 2 N.Y.C.R.R. §§ 302.1, 324.2; see generally2 N.Y.C.R.R. § 324.1. The statutory scheme defines mandatory members as those who "[e]nter the employment of a public employer which participates for such employees in the New York state employees' retirement system in positions in which they shall work full time." Retirement Social Security Law §§ 500(b)(4), 600(b)(3). There is no exemption for employees of a participating public employer who are also students enrolled with the participating employer.
Optional retirement programs have been created for certain SUNY employees. See Education Law Art. 8-b; see also Education Law Art. 3, Part V (Education Department optional retirement program); Art. 125-A (CUNY optional retirement program). Unlike the state retirement systems, which are defined benefit plans providing fixed pensions determined by the terms of the plan, the SUNY ORP is a defined contribution plan pursuant to which an electing employee enters a contract for retirement benefits with one of the specified insurers; the ORP allows participating employees more control over their contributions and permits greater pension mobility. See Op. Att'y Gen. No. 91-F2. An employee vests in the ORP after one year of service. See
Education Law § 392(4). The pension benefit is funded by mandatory employee and employer contributions. See Education Law § 392.
Employees eligible to elect participation in the SUNY ORP are those employed in positions requiring the performance of educational functions in various subject areas, including medicine, as certified by the Chancellor of the State University. Education Law § 390(3). An eligible employee may elect to join the ORP, or NYSTRS, NYSLERS or another public retirement system (consistent with the membership rules applicable to the public retirement systems). See Education Law § 393(1)(a). If an eligible employee fails to make an election, he is deemed to have elected membership in NYSTRS or another public retirement system in which his membership is otherwise required (here, NYSLERS).Id. § 393(1)(b). SUNY has determined that its residents and interns are eligible to elect participation in ORP. According to the statutory scheme, if they do not elect ORP, or fail to make an election, they will be members of NYSTRS (if the NYSTRS Board determines they are eligible for membership in that retirement system) or NYSLERS.
ANALYSIS
You have asked whether SUNY can offer its current residents and interns who commenced service prior to July 1, 2003, participation in the ORP or membership in one of the state retirement systems on a prospective basis as of that date. For the reasons discussed below, we believe that the residents and interns would have a statutory right to retirement membership as of the date they commenced state service and accordingly, as long as they had a valid legal claim for benefits retroactive to that date, retirement participation should not have been offered on a prospective basis only.
By deciding to offer its current residents and interns the option to join ORP, NYSTRS or NYSLERS, SUNY has recognized that the residents and interns are automatically entitled to participate in one of these retirement benefit plans, i.e., that they are mandatory members. See Retirement Social Security Law §§ 40(c)(5), 500(b)(2) and (4), 600(b)(2) and (3).
As a general principle, the effective date of membership in a state retirement system for a mandatory member is the date the employee commences state service. See Matter of Oliver v. Countyof Broome, 113 A.D.2d 239, 240 (3d Dep't 1985); see also
Retirement and Social Security Law § 609(c) (creditable service is generally active service with a participating employer). The statutes governing the SUNY ORP likewise refer to "date of entry into service" as the date an eligible employee's election or default entry into a retirement system is effective. See
Education Law § 393(1)(a), (b).
Education Law § 393(1)(e) governs the effective date for state employees who become eligible to elect the ORP when, interalia, the position held by such employees is certified by the Chancellor as an eligible position. The election to participate in ORP is then effective on the date of such election. Id. Thus, to the extent the positions of residents and interns have been newly certified by the Chancellor as qualifying for participation in ORP, it could be argued that any residents or interns who now elect ORP commence participation in that program as of the date of their election. Residents and interns who commenced service prior to July 1, 2003, however, would have a statutory right to membership in NYSTRS or NYSLERS as of the date they commenced state service.
Because the residents and interns have a statutory right to retirement participation as of the date they commenced state service, as long as they had an enforceable legal right to retroactive membership at the time the decision to offer prospective participation was made, we believe retirement participation should not have been offered on a prospective basis only.[2]
Very truly yours,
ELIOT SPITZER
Attorney General
[1] Although the October 2002 letter attached to your request refers to coverage of medical residents and interns at SUNY hospitals, it is our understanding that the coverage issue concerns all medical students enrolled in SUNY medical school programs, whether they perform their residency or internship at SUNY hospitals or other hospitals affiliated with the SUNY programs.
[2] Even assuming a claim for retroactive membership would not be barred by the applicable statute of limitations, the doctrine of laches may apply to defeat such a claim or limit the available remedy where the petitioner has unduly delayed in demanding the relief sought. See, e.g., Matter of Sheerin v. New York FireDept. Arts. 1 1B Pension Funds, 46 N.Y.2d 488, 495-96 (1979);Matter of McKenzie v. Comptroller of State of N.Y., 268 A.D.2d 828,829 (3d Dep't), lv. denied, 95 N.Y.2d 760 (2000); Matter ofCivil Serv. Employees Ass'n v. Board of Educ., Patchogue-MedfordUnion Free Sch. Dist., 239 A.D.2d 415, 416 (2d Dep't 1997);Matter of Devens v. Gokey, 12 A.D.2d 135, 137 (4th Dep't), aff'd10 N.Y.2d 898 (1961).