■ In the Matter of KEVIN DEGNAN, Appellant, v MERRITT RAHN, as Chief of Police of Greece Police Department, et al., Respondents. [808 NYS2d 857]—Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered July 29, 2004 in a proceeding pursuant to CPLR article 78. The judgment, insofar as appealed from, granted respondents summary judgment dismissing the petition in which petitioner sought to be designated an investigator/detective in respondent Greece Police Department and to be compensated accordingly and denied petitioner's motion.

It is hereby ordered that the judgment insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is reinstated, petitioner's motion is granted in part and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Petitioner was appointed as a police officer in respondent Town of Greece (Town) in October 1985 and approximately one year later was assigned as a narcotics investigator to the Multi-Agency Drug Task Force. He commenced this CPLR article 78 proceeding contending that he is entitled to be designated an investigator/detective and to be compensated accordingly, pursuant to Civil Service Law § 58 (4) (c) (ii). On a prior appeal, we modified the judgment denying respondents' motion to dismiss the petition as time-barred and barred by laches and granting the petition by vacating those parts of the judgment that granted the petition (*Matter of Degnan v Rahn*, 2 AD3d 1301 [2003]). We granted respondents 20 days from service of our order with notice of entry to serve and file an answer "[b]ecause respondents were not afforded an opportunity to serve an answer and because the record on th[e] appeal [was] insufficient to permit resolution of the other issues raised in the petition" (*id.* at 1302).

Respondents thereafter served and filed an answer and amended answer asserting four affirmative defenses. Petitioner moved, inter alia, for judgment granting the petition and denying the affirmative defenses or, in the alternative, for a hearing on the petition. Supreme Court (Siracuse, J.) denied the motion and sua sponte granted respondents summary judgment dismissing the petition on the ground that "there is no position as Investigator/Detective within [respondent] Greece Police Department to which [petitioner] could be reclassified."

We agree with petitioner that the court erred in dismissing the petition because there are issues of fact whether the position of investigator/detective existed in the Town and, if so, whether petitioner performed the duties of that position (*see*

*generally Matter of Barreca v DeSantis*, 226 AD2d 1085, 1086 [1996]). Respondents contend that the petition should be dismissed based on the affirmative defenses asserted in their amended answer. Although in the prior appeal we rejected respondents' objection in point of law, raised by way of a motion to dismiss in lieu of answer (*see* CPLR 7804 [f]), that the petition was time-barred or, alternatively, barred by laches (*Degnan*, 2 AD3d at 1302), respondents did not cross-move herein for dismissal of the petition based upon the affirmative defenses subsequently asserted in their amended answer, i.e., failure to exhaust administrative remedies, lack of jurisdiction, arbitration and waiver. Thus, the present contention of respondents that they are entitled to dismissal of the petition based on those affirmative defenses is not properly before us (*see generally* CPLR 5501).

We therefore reverse the judgment insofar as appealed from, reinstate the petition, grant petitioner's motion in part and remit the matter to Supreme Court for a hearing on the petition. Present—Pigott, Jr., P.J., Green, Pine, Lawton and Hayes, JJ.