In the Matter of MARC DORSEY, Respondent, v ROBERT COLEMAN, as Commissioner of Public Safety for the Village of Altamont, et al., Appellants. [834 NYS2d 743]—

Rose, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered April 27, 2006 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, for reinstatement of his position as a police officer, back pay and a hearing pursuant to Civil Service Law § 75.

Petitioner was employed as a police officer with the Village of Altamont, Albany County. On December 4, 2003, after the Village learned that he had been charged with a class B misdemeanor in the City of Albany, petitioner was suspended without pay. Even though petitioner's suspension continued without pay beyond the 30 days authorized by Civil Service Law § 75 (3) and no disciplinary hearing was scheduled or held, he did not request pay or a hearing. Nor did he request a hearing or reinstatement when the criminal charge was dismissed in June 2004. In November 2004, petitioner first requested reinstatement and, following an exchange of correspondence between counsel, his request was ultimately denied by respondents as untimely in a letter dated June 3, 2005. On October 3, 2005, petitioner commenced this CPLR article 78 proceeding in the nature of mandamus to compel reinstatement, back pay and a disciplin-

ary hearing. His petition alleges that respondents' actions in continuing his suspension without pay beyond 30 days violated Civil Service Law § 75. Respondents' motion to dismiss the proceeding as barred by the four-month statute of limitations was denied by Supreme Court. After respondents filed an answer, Supreme Court partially granted the petition by ordering a hearing pursuant to Civil Service Law § 75. This appeal ensued.

Where, as here, a public employee is discharged without a hearing, the four-month limitations period set forth in CPLR 217 begins to run when the employee's demand for reinstatement is refused (see Matter of De Milio v Borghard, 55 NY2d 216, 220 [1982]; Matter of Rakiecki v State Univ. of N.Y., 31 AD3d 1015, 1015-1016 [2006]). The employee, however, cannot indefinitely extend the running of the statute of limitations by delaying the demand (see Matter of Thomas v Stone, 284 AD2d 627, 628 [2001], lv dismissed 96 NY2d 935 [2001], lv denied 97 NY2d 608 [2002], cert denied 536 US 960 [2002]; Matter of McKenzie v Comptroller of State of N.Y., 268 AD2d 828, 828-829 [2000], lv denied 95 NY2d 760 [2000]; Matter of Sirles v Cordary, 49 AD2d 330, 332 [1975], affd 40 NY2d 950 [1976]). In this context, we have applied the doctrine of laches to an employee's inaction and held that "a four-month period is the measure of permissible delay in the making of a demand" for reinstatement (Matter of Thomas v Stone, supra at 628; see Matter of Densmore v Altmar-Parish-Williamstown Cent. School Dist., 265 AD2d 838, 839 [1999], lv denied 94 NY2d 758 [2000]).

Here, petitioner was first aggrieved by respondents' action when he was neither paid nor reinstated after January 3, 2004, the ending date of the 30-day period of unpaid suspension authorized by Civil Service Law § 75 (3) (see Matter of Rapoli v Village of Red Hook, 29 AD3d 1007, 1008 [2006]). Because petitioner took no action to demand pay or reinstatement until November 2004, he exceeded the four-month period permitted to make a demand as well as the four-month period thereafter within which to bring a proceeding. Accordingly, his claim for improper suspension or discharge was time-barred when he commenced this proceeding in October 2005 and respondents' motion should have been granted. In light of this determination, we need not address respondents' remaining contentions.

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, respondents' motion to dismiss granted, and petition dismissed.