Appeal from a judgment of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered September 24, 2007 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.
It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the petition is reinstated and the matter is remitted to Supreme Court, Monroe County, for a hearing in accordance with the following memorandum: Petitioners appeal from a judgment dismissing their CPLR article 78 petition seeking designation as police investigators pursuant to Civil Service Law § 58 (4) (c) (ii). That section provides in relevant part that, “in any jurisdiction, other than a city with a population of one million or more . . . , which does not administer examinations for designation to detective or investigator, any person who has received permanent appointment to the position of police officer ... or deputy sheriff and is temporarily assigned to perform the duties of detective or investigator shall, whenever such assignment to the duties of a detective or investigator exceeds eighteen months, be permanently designated as a detective or investigator and receive the compensation ordinarily paid to persons in such designation.”
We note at the outset that respondents contend that petitioners failed to exhaust their administrative remedies and thus that Supreme Court erred in determining the merits of the petition and, indeed, that this Court has no discretionary authority to review the merits of the petition (see generally Matter of Nelson v Coughlin, 188 AD2d 1071 [1992], appeal dismissed 81 NY2d 834 [1993]). Although petitioners are correct that respondents are not aggrieved by the judgment on appeal and thus are not entitled to take a cross appeal therefrom (see CPLR 5511), we nevertheless conclude that they are entitled to raise the failure to exhaust administrative remedies as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]; Cataract Metal Finishing, Inc. v City of Niagara Falls, 31 AD3d 1129, 1130 *1132 [2006]). We agree with the court, however, that respondents’ contention lacks merit.
With respect to the merits of the appeal, we note that respondents do not administer examinations for designation to the position in question within the meaning of Civil Service Law § 58 (4) (c) (ii), nor have they classified the position within the meaning of Civil Service Law § 59-a, which is entitled “Placement of detectives and investigators in classified service,” and thus those sections of the Civil Service Law must be deemed to apply herein (see Matter of Pleakis v Peterson [appeal No. 3], 281 AD2d 910, 911 [2001]). Pursuant to the New York State Constitution, “[appointments and promotions in the civil service of the state . . . shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive” (NY Const, art V, § 6; see Matter of Wood v Irving, 85 NY2d 238 [1995]). With respect to positions that are subject to competitive examinations, section 50 (1) of the Civil Service Law provides that “[t]he merit and fitness of applicants for [such] positions . . . shall be ascertained by such examinations as may be prescribed by the state civil service department or the municipal commission having jurisdiction.” Here, respondents use a “merit and fitness test” to determine civil service promotions (§ 52 [2]), but they have made no showing that it would be impracticable to use the “competitive examination” procedures pursuant to the New York Constitution that are to be prescribed, pursuant to the Rochester City Charter, by respondent City of Rochester’s Municipal Civil Service Commission (Rochester City Charter § 12-11 [A], [B]).
We thus conclude that respondents’ test is not the equivalent of the “examinations for designation to detective or investigator” required in order to be exempt from the requirements set forth in Civil Service Law § 58 (4) (c) (ii). Only “competitive examinations,” as defined throughout the Civil Service Law, may relieve a jurisdiction of the application of Civil Service Law § 58 (4) (c) (ii). The court should have conducted a hearing to determine whether petitioners were “temporarily assigned to perform the duties of detective or investigator” for a period exceeding 18 months (id.). We therefore reverse the judgment, reinstate the petition and remit the matter to Supreme Court for a hearing consistent with our decision (see Matter of Degnan v Rahn, 24 AD3d 1232, 1232-1233 [2005]). Present — Smith, J.P., Lunn, Fahey and Peradotto, JJ.