# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

256
CA 13-01523
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

IN THE MATTER OF GREGORY W. NORTON,
PETITIONER-APPELLANT,

V                                                      MEMORANDUM AND ORDER

CITY OF HORNELL AND HORNELL BOARD OF PUBLIC
SAFETY, RESPONDENTS-RESPONDENTS.

AKIN GUMP STRAUSS HAUER & FELD, PHILADELPHIA, PENNSYLVANIA (JEFFREY A. DAILEY OF COUNSEL), FOR PETITIONER-APPELLANT.

LIPPMAN O'CONNOR, BUFFALO (GERARD E. O'CONNOR OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

-----------------------------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court, Steuben County (Marianne Furfure, A.J.), entered May 3, 2013 in a CPLR article 78 proceeding. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to compel respondents to reinstate him to the Police Department of respondent City of Hornell (City), with back pay, because his resignation on August 31, 2011 was obtained by duress, i.e., threats of criminal prosecution made by City officials against him, and was therefore invalid (*see Matter of Hassett v Barnes*, 11 AD2d 1089, 1090). We conclude that Supreme Court properly dismissed the petition on the ground that the proceeding was not timely commenced (*see Matter of Barbolini v Connelie*, 68 AD2d 949, 949-951, *lv denied* 47 NY2d 709, *appeal dismissed* 47 NY2d 1011).

"Where, as here, a public employee is discharged without a hearing, the four-month limitations period set forth in CPLR 217 begins to run when the employee's demand for reinstatement is refused" (*Matter of Dorsey v Coleman*, 40 AD3d 1187, 1188). "[T]he demand must be made within a reasonable time after the right to make the demand occurs or . . . within a reasonable time after [petitioner] becomes aware of the facts which give rise to his [or her] right of relief" (*Matter of Devens v Gokey*, 12 AD2d 135, 136-137, *affd* 10 NY2d 898), and we note that the four-month limitations period of CPLR article 78 proceedings has been "treat[ed] . . . as a measure of permissible delay in the making of the demand" (*id.* at 137; *see Matter of Densmore v Altmar-Parish-Williamstown Cent. Sch. Dist.*, 265 AD2d 838, 839, *lv*

*denied* 94 NY2d 758; *see also Dorsey*, 40 AD3d at 1188).  Here, we conclude that petitioner's right to demand reinstatement to his position arose, at the latest, on or about December 6, 2011, when he received a letter from the District Attorney stating that he bore no civil or criminal responsibility for the acts of misconduct alleged against him, and that the matter would not be presented to the grand jury (*see Densmore*, 265 AD2d at 839; *cf. Barbolini*, 68 AD2d at 951). Nevertheless, petitioner did not demand reinstatement to his position until approximately nine months later, on August 31, 2012, well over the four-month guideline applied in *Devens* (12 AD3d at 137).  Thus, "it was [well] within the court's discretion to determine that petitioner unreasonably delayed in making the demand" (*Densmore*, 265 AD2d at 839).  Finally, contrary to petitioner's contention, respondents were not required to make a showing of prejudice in order to establish that petitioner "failed for an unreasonable period of time to demand" reinstatement to his position (*Matter of Curtis v Board of Educ. of Lafayette Cent. Sch. Dist.*, 107 AD2d 445, 448; *see Devens*, 12 AD2d at 137).

Entered:  March 21, 2014                    Frances E. Cafarell
                                            Clerk of the Court