*1695 Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Frank Caruso, J.), entered March 2, 2015 pursuant to a CPLR article 78 proceeding. The judgment granted the motion of respondent to dismiss the petition.
It is hereby ordered that the judgment so appealed from is affirmed without costs.
Memorandum: Petitioners, members of the Niagara Falls Police Department (NFPD), commenced this CPLR article 78 proceeding seeking designation as police detectives pursuant to Civil Service Law § 58 (4) (c) (ii). In appeal No. 1, petitioners appeal from a judgment granting respondent’s motion to dismiss the petition on the ground that the proceeding was not timely commenced. In appeal No. 2, petitioners Nicolas Granto, Kevin Henderson and George McDonell (renewal petitioners) appeal from an order denying their motion seeking leave to renew their opposition to the relief granted in the judgment in appeal No. 1.
We reject petitioners’ contention in appeal No. 1 that Supreme Court erred in granting the motion and dismissing the petition as untimely. It is well settled that where, as here, the proceeding is in the nature of mandamus to compel, it “must be commenced within four months after refusal by respondent, upon demand of petitioner, to perform its duty” (Matter of Densmore v Altmar-Parish-Williamstown Cent. School Dist., 265 AD2d 838, 839 [1999], lv denied 94 NY2d 758 [2000]; see CPLR 217 [1]; Matter of Speis v Penfield Cent. Schs., 114 AD3d 1181, 1182 [2014]). “ ‘[A] petitioner!, however,] may not delay in making a demand in order to indefinitely postpone the time within which to institute the proceeding. The petitioner must make his or her demand within a reasonable time after the right to make it occurs, or after the petitioner knows or should know of the facts which give him or her a clear right to relief, or else, the petitioner’s claim can be barred by the doctrine of laches’ ” (Speis, 114 AD3d at 1182). “The term laches, as used in connection with the requirement of the making of a prompt demand in mandamus proceedings, refers solely to the unexcused lapse of time” and “does not refer to the equitable doctrine of laches” (Matter of Devens v Gokey, 12 AD2d 135, 137 [1961], affd 10 NY2d 898 [1961]). Inasmuch as “[t]he problem ... is one of the [s]tatute of [1] imitations [,] . . . it is immaterial whether or not the delay cause [s] any prejudice to the respondent” (id.; see Matter of Norton v City of Hornell, 115 AD3d 1232, 1233 [2014], lv denied 23 NY3d 907 [2014]; *1696 Matter of Thomas v Stone, 284 AD2d 627, 628 [2001], appeal dismissed 96 NY2d 935 [2001], lv denied 97 NY2d 608 [2002], cert denied 536 US 960 [2002]; Matter of Curtis v Board of Educ. of Lafayette Cent. School Dist., 107 AD2d 445, 448 [1985]; see also Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds, 46 NY2d 488, 495-496 [1979]). Thus, to the extent that we held in Matter of Degnan v Rahn (2 AD3d 1301, 1302 [2003]) that a respondent is required to make a showing of prejudice to establish that a proceeding in the nature of mandamus to compel is barred by the doctrine of laches, that case is no longer to be followed.
“[T]he four-month limitations period of CPLR article 78 proceedings has been ‘treat[ed] ... as a measure of permissible delay in the making of the demand’ ” (Norton, 115 AD3d at 1233). Here, petitioners asserted that they became aware that they could be designated detectives under Civil Service Law § 58 (4) (c) (ii) when Supreme Court granted such relief to similarly-situated members of the NFPD in September 2012 (see Matter of Sykes v City of Niagara Falls, 112 AD3d 1302, 1302 [2013]). Petitioners’ demand, therefore, should have been made no later than January 2013, but petitioners did not make their demand to be designated as detectives until March 2014, which was well beyond four months after they knew or should have known of the facts that provided them a clear right to relief (see Densmore, 265 AD2d at 839). Contrary to petitioners’ contention in appeal No. 1 that they had a reasonable excuse for the delay in making the demand, there was nothing about the pendency of the Sykes proceeding that should have led petitioners to conclude that their own proceeding did not have merit. In addition, the self-serving affidavit submitted by petitioners in opposition to the motion, in which they claimed that they had feared retaliation if they demanded designation as detectives, is based solely upon conclusory and speculative allegations, and thus does not substantiate their assertion that they had a reasonable excuse for the delay. We therefore conclude that “it was [well] within the court’s discretion to determine that petitioner [s] unreasonably delayed in making the demand” (Densmore, 265 AD2d at 839; see Norton, 115 AD3d at 1233).
Contrary to renewal petitioners’ contention in appeal No. 2, we conclude that the court properly denied their motion seeking leave to renew. “ ‘A motion for leave to renew must be based upon new facts that were unavailable at the time of the original motion’ and that would change the prior determination” (Foxworth v Jenkins, 60 AD3d 1306, 1307 [2009]; see CPLR 2221 *1697 [e] [2]). “Although a court has discretion to grant renewal, in the interest of justice, upon facts which were known to the movant at the time the original motion was made . . . , it may not exercise that discretion unless the movant establishes a reasonable justification for the failure to present such facts on the prior motion” (Robinson v Consolidated Rail Corp., 8 AD3d 1080, 1080 [2004] [internal quotation marks omitted]). Here, the affidavits of renewal petitioners and their attorney did not present new facts, and renewal petitioners failed to provide a reasonable justification for the failure to produce the additional evidence in opposing the laches argument that formed the basis for respondent’s motion to dismiss (see Garland v RLI Ins. Co., 79 AD3d 1576, 1577 [2010], lv dismissed 17 NY3d 774 [2011], 18 NY3d 877 [2012]; see also Wolfe v Wayne-Dalton Corp., 133 AD3d 1281, 1284 [2015]).
All concur except Curran, J., who dissents and votes to reverse in accordance with the following memorandum.