■ In the Matter of JEAN M. DENSMORE, Appellant, v ALTMAR-PARISH-WILLIAMSTOWN CENTRAL SCHOOL DISTRICT, Respondent. [695 NYS2d 828] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of respondent, Altmar-Parish-Williamstown Central School District (District), to dismiss the petition as barred by laches. In 1995 petitioner filed a claim for retroactive membership in the New York State Teachers' Retirement System pursuant to Retirement and Social Security Law § 803. The claim was denied by the District on September 7, 1995. Petitioner made a demand for review of that denial on June 7, 1996, nine months later. In December 1997 petitioner commenced this CPLR article 78 proceeding in the nature of mandamus to compel, alleging that, despite her demand, the District never

afforded her the review of her claim to which she was entitled under Retirement and Social Security Law § 803 (b) (3).

A proceeding in the nature of mandamus to compel must be commenced within four months after the refusal by respondent, upon the demand of petitioner, to perform its duty (*see,* CPLR 217 [1]; *Austin v Board of Higher Educ.,* 5 NY2d 430, 441-442). The aggrieved party may not unreasonably delay, however, in making the demand, and delay for which there is no excuse may constitute laches (*see, Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds,* 46 NY2d 488, 495-496, *rearg denied* 46 NY2d 1076; *Austin v Board of Higher Educ., supra,* at 442). "[T]he demand must be made within a reasonable time after the right to make the demand occurs" (*Matter of Devens v Gokey,* 12 AD2d 135, 136, *affd* 10 NY2d 898). The reasonable time requirement for a prompt demand should be measured by the four-month Statute of Limitations of CPLR article 78, and thus a demand should be made no more than four months after the right to make the demand arises (*see, Matter of Devens v Gokey, supra,* at 137; *see also, Matter of Barbolini v Connelie,* 68 AD2d 949, 950, *lv denied* 47 NY2d 709, *appeal dismissed* 47 NY2d 1011).

The right of petitioner to seek review of her claim arose when she received the District's denial in September 1995, yet she did not make a demand for review until June 7, 1996. Thus, it was within the court's discretion to determine that petitioner unreasonably delayed in making the demand and that this proceeding is barred by laches (*see, Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds, supra,* at 496; *Matter of Civil Serv. Empls. Assn. v Board of Educ.,* 239 AD2d 415). (Appeal from Judgment of Supreme Court, Oswego County, Nicholson, J.—CPLR art 78.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.