In the Matter of MARY S. ZUPA, Respondent, v ZONING BOARD OF APPEALS OF TOWN OF SOUTHOLD et al., Appellants. [883 NYS2d 139]—

In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus, in effect, to compel the Zoning Board of Appeals of the Town of Southold to hear and determine the petitioner's appeal from a determination of the Building Inspector of the Town of Southold dated December 21, 2007, denying her application for a building permit, the Zoning Board of Appeals of the Town of Southold appeals, and Paradise Point Association, Inc., separately appeals, as limited by their respective briefs, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Weber, J.), dated January 22, 2008, as denied those branches of their respective motions which were to dismiss the proceeding as time-barred, and granted that branch of the petition which was to compel the Zoning Board of Appeals of the Town of Southold to hear and determine the petitioner's appeal.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with one bill of costs, those branches of the appellants' respective motions which were to dismiss the proceeding as time-barred are granted, and the proceeding is dismissed.

The petitioner owns a parcel of land located within the Town of Southold (hereinafter the Town). The parcel abuts a basin

with a marina. Paradise Point Association, Inc. (hereinafter Paradise Point), a homeowner's association, maintains the marina and its docks.

In a determination dated August 2, 2004, the Town's Zoning Board of Appeals (hereinafter the ZBA) conditionally granted a building permit application filed by the petitioner, who sought to construct a house on her parcel. The ZBA found that the marina was a nonconforming use on the parcel, and conditioned the granting of the petitioner's application upon the removal of that use, or upon the petitioner obtaining a variance permitting that use in conjunction with her residential use.

In September 2006, in connection with its issuance of a wetlands permit enabling Paradise Point to perform certain work on the subject docks, the Town's Board of Trustees asked the ZBA to interpret a particular provision of the Town's Zoning Code. In a determination dated September 14, 2006, the ZBA stated in its findings of fact that "[W]ith respect to the issue before the [ZBA], the non-conforming 'use' at issue is the non-commercial boat basin on Town owned land controlled by the Trustees."

Subsequently, the petitioner resubmitted her application to the Town's Building Inspector, arguing that the alternate conditions the ZBA imposed on the approval of her application had been "mooted by material changes." She argued that the ZBA, in its September 14, 2006, determination, had found that the marina use was not on her parcel, but rather, was on the Town-owned basin.

On December 21, 2007 the Building Inspector returned the application to the petitioner, explaining that it had been "[p]reviously denied by the [ZBA]." The petitioner then appealed that determination to the ZBA.

On March 29, 2007 a hearing was held before the ZBA. The hearing was adjourned pending the submission by the petitioner of a new application containing a request for the variance "described" in the ZBA's determination dated August 2, 2004. Then, in a letter to the petitioner's attorney dated April 9, 2007, the ZBA "confirm[ed]" that the hearing had been adjourned for that purpose.

The petitioner did not submit a new application, and demanded, in a letter to the ZBA dated August 23, 2007, that the ZBA hear and determine her appeal from the denial of her application as it was originally presented. In a letter to the petitioner dated September 10, 2007, the ZBA advised the petitioner, inter alia, that she had to file a new application containing a request for the variance "required in" the ZBA's determination dated August 2, 2004.

On October 9, 2007 the petitioner commenced the instant proceeding pursuant to CPLR article 78, seeking, inter alia, to compel the ZBA to hear and determine her appeal. The ZBA and Paradise Point separately moved to dismiss the proceeding on the ground, inter alia, that it was untimely. The Supreme Court denied those branches of the motions and granted that branch of the petition which was to compel the ZBA to hear and determine her appeal. We reverse.

Initially, the ZBA and Paradise Point, relying on Town Law § 267-c (1), contend that the proceeding is untimely because it was not commenced within 30 days after the petitioner received the ZBA's letter dated April 9, 2007. However, the 30-day limitations period in Town Law § 267-c (1) is inapplicable, because the letter did not constitute a final determination and was not filed with the Town's Clerk, and there is no indication that the ZBA's members' votes on the determination recounted in the letter were ever published (*see Matter of Sullivan v Dunn,* 298 AD2d 974, 975 [2002]; *Matter of Ficalora v Planning Bd. of Town of E. Hampton,* 262 AD2d 320 [1999]; *Matter of Save the Pine Bush v Zoning Bd. of Appeals of Town of Guilderland,* 220 AD2d 90, 94-95 [1996]). Rather, because this proceeding is premised upon the refusal of a zoning board of appeals to hear and determine an appeal concerning a building permit application, CPLR 217 (1)'s four-month limitations period is applicable (*cf. Engert v Phillips,* 150 AD2d 752, 753 [1989]).

A proceeding in the nature of mandamus to compel must be commenced within four months after the refusal by the body or officer, upon the demand of the aggrieved party, to perform a duty enjoined upon the body or officer by law (*see* CPLR 217 [1]; *Matter of Densmore v Altmar-Parish-Williamstown Cent. School Dist.,* 265 AD2d 838, 839 [1999]; *Community Bd. No. 3 v State of N.Y., Off. of Mental Retardation & Dev. Disabilities,* 76 AD2d 851, 852 [1980]). However, the aggrieved party may not unreasonably delay in making the demand, and unexcused delay may constitute laches (*see Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds,* 46 NY2d 488, 495-496 [1979]; *Austin v Board of Higher Educ. of City of N.Y.,* 5 NY2d 430, 442 [1959]). "[T]he demand must be made within a reasonable time after the right to make the demand occurs" (*Matter of Devens v Gokey,* 12 AD2d 135, 136 [1961], *affd* 10 NY2d 898 [1961]). The reasonable time requirement for a prompt demand should be measured by CPLR 217 (1)'s four-month limitations period, and thus, a demand should be made no more than four months after the right to make the demand arises (*see Matter of Densmore v Altmar-Parish-Williamstown Cent. School Dist.,* 265 AD2d at

839; *Matter of Barbolini v Connelie,* 68 AD2d 949, 950 [1979]; *Matter of Devens v Gokey,* 12 AD2d at 137).

Here, the petitioner's right to make a demand upon the ZBA to hear and determine her appeal from the denial of her application as it was originally presented arose when she received the ZBA's letter dated April 9, 2007, evincing the ZBA's refusal to hear and determine her appeal from the denial of her application as it was originally presented, and its position that she was required to submit a new application containing a request for the variance described in the ZBA's August 2, 2004 determination. Yet the petitioner first made a demand upon the ZBA to hear and determine her appeal from the denial of her application as it was originally presented more than four months later, in her letter dated August 23, 2007. Under the circumstances, we find that the petitioner unreasonably delayed in making her demand, and conclude that this proceeding is barred by laches (*see Matter of Densmore v Altmar-Parish-Williamstown Cent. School Dist.,* 265 AD2d at 839). Accordingly, the Supreme Court should have granted those branches of the ZBA's and Paradise Points' respective motions which were to dismiss the proceeding as untimely.

In light of our determination, we need not reach the parties' remaining contentions. Fisher, J.P., Dillon, Covello and Dickerson, JJ., concur.