# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1038**
**CA 15-02019**
PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND CURRAN, JJ.

---

IN THE MATTER OF NICOLAS GRANTO, RICHARD FLECK,
KEVIN HENDERSON AND GEORGE MCDONELL,
PETITIONERS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

CITY OF NIAGARA FALLS, RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

MAGAVERN MAGAVERN GRIMM LLP, NIAGARA FALLS (SEAN J. MACKENZIE OF
COUNSEL), FOR PETITIONERS-APPELLANTS.

CRAIG H. JOHNSON, CORPORATION COUNSEL, NIAGARA FALLS (CHRISTOPHER M.
MAZUR OF COUNSEL), FOR RESPONDENT-RESPONDENT.

---------------------------------------------------------------------------------------------------------------------

        Appeal from a judgment (denominated order) of the Supreme Court,
Niagara County (Frank Caruso, J.), entered March 2, 2015 pursuant to a
CPLR article 78 proceeding.  The judgment granted the motion of
respondent to dismiss the petition.

        It is hereby ORDERED that the judgment so appealed from is
affirmed without costs.

        Memorandum:  Petitioners, members of the Niagara Falls Police
Department (NFPD), commenced this CPLR article 78 proceeding seeking
designation as police detectives pursuant to Civil Service Law § 58
(4) (c) (ii).  In appeal No. 1, petitioners appeal from a judgment
granting respondent's motion to dismiss the petition on the ground
that the proceeding was not timely commenced.  In appeal No. 2,
petitioners Nicolas Granto, Kevin Henderson and George McDonell
(renewal petitioners) appeal from an order denying their motion
seeking leave to renew their opposition to the relief granted in the
judgment in appeal No. 1.

        We reject petitioners' contention in appeal No. 1 that Supreme
Court erred in granting the motion and dismissing the petition as
untimely.  It is well settled that where, as here, the proceeding is
in the nature of mandamus to compel, it "must be commenced within four
months after refusal by respondent, upon demand of petitioner, to
perform its duty" (*Matter of Densmore v Altmar-Parish-Williamstown
Cent. Sch. Dist.*, 265 AD2d 838, 839, *lv denied* 94 NY2d 758; *see* CPLR
217 [1]; *Matter of Speis v Penfield Cent. Schs.*, 114 AD3d 1181, 1182).
" '[A] petitioner[, however,] may not delay in making a demand in
order to indefinitely postpone the time within which to institute the

proceeding. The petitioner must make his or her demand within a reasonable time after the right to make it occurs, or after the petitioner knows or should know of the facts which give him or her a clear right to relief, or else, the petitioner's claim can be barred by the doctrine of laches' " (*Speis*, 114 AD3d at 1182). "The term laches, as used in connection with the requirement of the making of a prompt demand in mandamus proceedings, refers solely to the unexcused lapse of time" and "does not refer to the equitable doctrine of laches" (*Matter of Devens v Gokey*, 12 AD2d 135, 137, *affd* 10 NY2d 898). Inasmuch as "[t]he problem . . . is one of the [s]tatute of [l]imitations[,] . . . it is immaterial whether or not the delay cause[s] any prejudice to the respondent" (*id.; see Matter of Norton v City of Hornell*, 115 AD3d 1232, 1233, *lv denied* 23 NY3d 907; *Matter of Thomas v Stone*, 284 AD2d 627, 628, *appeal dismissed* 96 NY2d 935, *lv denied* 97 NY2d 608, *cert denied* 536 US 960; *Matter of Curtis v Board of Educ. of Lafayette Cent. Sch. Dist.*, 107 AD2d 445, 448; *see also Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds*, 46 NY2d 488, 495-496). Thus, to the extent that we held in *Matter of Degnan v Rahn* (2 AD3d 1301, 1302) that a respondent is required to make a showing of prejudice to establish that a proceeding in the nature of mandamus to compel is barred by the doctrine of laches, that case is no longer to be followed.

"[T]he four-month limitations period of CPLR article 78 proceedings has been 'treat[ed] . . . as a measure of permissible delay in the making of the demand' " (*Norton*, 115 AD3d at 1233). Here, petitioners asserted that they became aware that they could be designated detectives under Civil Service Law § 58 (4) (c) (ii) when Supreme Court granted such relief to similarly-situated members of the NFPD in September 2012 (*see Matter of Sykes v City of Niagara Falls*, 112 AD3d 1302, 1302). Petitioners' demand, therefore, should have been made no later than January 2013, but petitioners did not make their demand to be designated as detectives until March 2014, which was well beyond four months after they knew or should have known of the facts that provided them a clear right to relief (*see Densmore*, 265 AD2d at 839). Contrary to petitioners' contention in appeal No. 1 that they had a reasonable excuse for the delay in making the demand, there was nothing about the pendency of the *Sykes* proceeding that should have led petitioners to conclude that their own proceeding did not have merit. In addition, the self-serving affidavit submitted by petitioners in opposition to the motion, in which they claimed that they had feared retaliation if they demanded designation as detectives, is based solely upon conclusory and speculative allegations, and thus does not substantiate their assertion that they had a reasonable excuse for the delay. We therefore conclude that "it was [well] within the court's discretion to determine that petitioner[s] unreasonably delayed in making the demand" (*Densmore*, 265 AD2d at 839; *see Norton*, 115 AD3d at 1233).

Contrary to renewal petitioners' contention in appeal No. 2, we conclude that the court properly denied their motion seeking leave to renew. " 'A motion for leave to renew must be based upon new facts that were unavailable at the time of the original motion' and that would change the prior determination" (*Foxworth v Jenkins*, 60 AD3d

1306, 1307; *see* CPLR 2221 [e] [2]).  "Although a court has discretion to grant renewal, in the interest of justice, upon facts which were known to the movant at the time the original motion was made . . . , it may not exercise that discretion unless the movant establishes a reasonable justification for the failure to present such facts on the prior motion" (*Robinson v Consolidated Rail Corp.*, 8 AD3d 1080, 1080 [internal quotation marks omitted]).  Here, the affidavits of renewal petitioners and their attorney did not present new facts, and renewal petitioners failed to provide a reasonable justification for the failure to produce the additional evidence in opposing the laches argument that formed the basis for respondent's motion to dismiss (*see Garland v RLI Ins. Co.*, 79 AD3d 1576, 1577, *lv dismissed* 17 NY3d 774, 18 NY3d 877; *see also Wolfe v Wayne-Dalton Corp.*, 133 AD3d 1281, 1284).

All concur except CURRAN, J., who dissents and votes to reverse in accordance with the following memorandum:  I respectfully dissent in appeal No. 1.  The majority and I agree that this proceeding is in the nature of mandamus.  Such a proceeding "must be commenced within four months after the refusal by respondent, upon the demand of petitioner[s], to perform its duty" (*Matter of Densmore v Altmar-Parish-Williamstown Cent. Sch. Dist.*, 265 AD2d 838, 839, *lv denied* 94 NY2d 758).  "[T]he demand must be made within a reasonable time after the right to make the demand occurs" (*Matter of Devens v Gokey*, 12 AD2d 135, 136, *affd* 10 NY2d 898).  "[A] demand should be made no more than four months after the right to make the demand arises" (*Densmore*, 265 AD2d at 839).  Nonetheless, "[t]he sole test [for courts to consider] is . . . whether, under the circumstances of the case, the [petitioners'] delay in making the demand was unreasonably protracted" (*Matter of Perry v Blair*, 49 AD2d 309, 315; *see Matter of Central Sch. Dist. No. 2 v New York State Teachers' Retirement Sys.*, 27 AD2d 265, 268, *affd* 23 NY2d 213).

The parties agree that the right to make the demand arose when the Roving Anti-Crime Unit was disbanded on January 2, 2013.  At a minimum, the reasonable period of time in which to make the demand was four months later, i.e., May 2, 2013.  Petitioners did not make their demand until 10 months later in March of 2014.  In my view, however, this 10-month delay in making the demand was not so unreasonable as to deprive petitioners of their day in court.

The majority relies upon cases where either no excuse was offered for a delay or where the court determined that the excuse was so meritless as to be rejected as a matter of law (*see Matter of Norton v City of Hornell*, 115 AD3d 1232, 1233, *lv denied* 23 NY3d 907; *see also Devens*, 12 AD2d at 136).  Here, petitioners have offered a viable excuse for the delay and, thus, in my view, we have no need to reach the ill-stated language in *Matter of Degnan v Rahn* (2 AD3d 1301, 1302).  Rather, the majority has apparently determined that the excuse offered by petitioners here is meritless as a matter of law.  I disagree with that determination.

Petitioners delayed their demand because they were awaiting this Court's decision in *Matter of Sykes v City of Niagara Falls* (112 AD3d

1302), a virtually identical situation to the present matter—including a lengthier delay in making a demand—and one involving the same police department.  This Court has previously accepted such an excuse as meritorious (*see Matter of Uphoff v Roberts*, 244 App Div 596, 597), and I fail to appreciate any distinction between *Uphoff* and the case before us here.

Petitioners also assert that they feared retaliation from respondent if they brought suit before this Court decided *Sykes* based on their understanding of retaliatory actions having been undertaken against the petitioners in *Sykes*.  Contrary to the majority, on this motion to dismiss, I am unwilling to weigh the credibility of the affidavit submitted by petitioners.  The affidavit offers facts supporting petitioners' explanation for awaiting our decision in *Sykes* and, in my view, the only way to disregard it is to disbelieve it, a function I maintain is inappropriate on this motion.

I am concerned that the majority's decision seeks to draw a hard and fast line rather than following long-established precedent requiring that we apply a facts-and-circumstances test to determine whether the excuse for delay is reasonable (*see People ex rel. Gas Light Co. of Syracuse v Common Council of City of Syracuse*, 78 NY 56, 63; *People ex rel. McDonald v Lantry*, 48 App Div 131, 132; *Matter of McDonald*, 34 App Div 512, 514-515).  Based on the above precedent, we also are permitted, in a case where a petitioner offers an excuse for a delay, to consider prejudice to the respondent or other persons (*see Gas Light Co. of Syracuse*, 78 NY at 63; *McDonald*, 34 App Div at 514).  While I agree that an unexplained delay should not be excused based solely on a lack of prejudice, I also submit that an explained delay warrants at least some consideration of prejudice.

In this case, there is no evidence in the record that petitioners' designation and compensation as detectives will cause prejudice in displacing anyone who has occupied the position in the interim (*see Austin v Board of Higher Educ. of City of N.Y.*, 5 NY2d 430, 441; *Matter of Williams v Pyrke*, 233 App Div 345, 346, citing *People ex rel. Young v Collis*, 6 App Div 467, 469).  Therefore, there also is no issue of the respondent suffering prejudice in being required to compensate multiple employees for the same positions.  In my view, the above facts, together with the excuse offered by petitioners and respondent's conceded absence of prejudice, render it appropriate to conclude that the petitioners' delay was not unreasonable.

For these reasons, I would reverse the judgment, deny respondent's motion to dismiss, reinstate the petition, and grant respondent time to serve and file an answer, to be followed by further proceedings in Supreme Court.

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court