Matter of Khalil v City of New York (2020 NY Slip Op 07456)





Matter of Khalil v City of New York


2020 NY Slip Op 07456


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Friedman, J.P., Kapnick, Webber, Kern, Singh, JJ. 


Index No. 100752/19 Appeal No. 12598 Case No. 2020-02194 

[*1]In the Matter of Medhat Khalil et al., Petitioners-Appellants,
v
City of New York et al., Respondents-Respondents.


Kreisberg & Maitland, LLP, New York (Jeffrey L. Kreisberg of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York (Julie Steiner of counsel), for respondents.



Judgment, Supreme Court, New York County (John J. Kelley, J.), entered January 10, 2020, denying the petition to annul respondents' determinations, dated March 26, 2017 and September 17, 2017, which made petitioners full-time permanent employees of respondent Department of Homeless Services, removing them from the eligible list for promotion to the position of Human Resources Administration (HRA) Supervisor II, and to restore them to the list, and dismissing the proceeding brought pursuant to CPLR article 78 as untimely, unanimously affirmed, without costs.
There is no evidence that petitioners, other than Khalil, made the formal demand required for reinstatement to their positions with respondent HRA and restoration to the eligible list for promotion (see Ruskin Assoc., LLC v State of N.Y. Div. of Hous. & Community Renewal, 77 AD3d 401, 403 [1st Dept 2010], citing Austin v Board of Higher Educ. of City of N.Y., 5 NY2d 430, 442 [1959]). Their unreasonable delay in seeking reinstatement, nearly two years after they were first taken off the promotion list, constitutes laches (see Austin, 5 NY2d at 442; Matter of Zupa v Zoning Bd. of Appeals of Town of Southold, 64 AD3d 723, 725 [2d Dept 2009]).
Petitioner Khalil made the requisite demand for reinstatement, but was notified of his ineligibility for promotion on August 2, 2018, and did not commence this proceeding until March 2019, well after the four-month statutory limitations period had expired (CPLR 217[1]; see Matter of Hia v New York City Dept. of Corr., 110 AD3d 570, 571 [1st Dept 2013]).
To the extent petitioners argue that they were never informed of their removal from the list, this argument is unavailing, as no such notice was required in the absence of any regulation or statute entitling them to it (see Hia, 110 AD3d at 571). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020