Matter of Robinson v Board of Educ. of Manchester-Shortsville Cent. Sch. Dist. (2023 NY Slip Op 02440)

Matter of Robinson v Board of Educ. of Manchester-Shortsville Cent. Sch. Dist.

2023 NY Slip Op 02440

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

380 CA 22-00824

[*1]IN THE MATTER OF EMILY ROBINSON, PETITIONER-APPELLANT,
v
BOARD OF EDUCATION OF MANCHESTER-SHORTSVILLE CENTRAL SCHOOL DISTRICT, MANCHESTER-SHORTSVILLE CENTRAL SCHOOL DISTRICT AND HALEY CARRIGAN, RESPONDENTS-RESPONDENTS. 

ROBERT T. REILLY, LATHAM (CLAYTON E. EICHELBERGER OF COUNSEL), FOR PETITIONER-APPELLANT. 
FERRARA FIORENZA, P.C., EAST SYRACUSE (CHARLES C. SPAGNOLI OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

 Appeal from a judgment (denominated order) of the Supreme Court, Ontario County (Brian D. Dennis, A.J.), entered April 19, 2022 in a proceeding pursuant to CPLR article 78. The judgment, inter alia, granted respondents' motion to dismiss and dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, reinstatement of her employment with respondent Manchester-Shortsville Central School District (District). During the 2019-2020 school year, petitioner was employed by the District as a full-time English Language Arts (ELA) teacher. However, in June 2020, respondent Board of Education of Manchester-Shortsville Central School District (Board) reduced petitioner's position from full to part time. Pursuant to Education Law § 3013 (3) (a), petitioner was placed on a "preferred eligible list of candidates for appointment to a vacancy
. . . that may thereafter occur in an office or position similar to the one which [petitioner] filled." Petitioner was offered, and accepted, the position of a part-time ELA teacher. In September 2020, petitioner resigned from the part-time ELA teacher position for financial reasons, i.e., the need for a full-time position and, on September 17, 2020, the Board accepted petitioner's resignation. On April 19, 2021, the District posted an opening for a full-time ELA teacher. Although petitioner applied for the opening and went through the formal application process, when she was offered the position, petitioner rejected the offer. The District hired respondent Haley Carrigan. On August 31, 2021, petitioner submitted a demand that she be recalled to her prior position pursuant to Education Law § 3013 (3) (a). By letter dated September 15, 2021, the District refused petitioner's demand.
Petitioner commenced the instant proceeding by filing a petition on November 10, 2021. Thereafter, respondents filed a pre-answer motion to dismiss the petition. Supreme Court effectively granted respondents' motion on, inter alia, the ground that the proceeding was untimely inasmuch as petitioner's cause of action accrued on September 17, 2020, when the District accepted her resignation, or alternatively on April 15, 2021, when she received notice that she would be expected to reapply for the opening. Petitioner appeals.
Contrary to petitioner's contention, the court properly granted the motion. Where, as here, a proceeding is in "the nature of mandamus to compel, it [is] required to have been commenced within four months after the refusal by [the] respondent, upon the demand of [the] [*2]petitioner, to perform its duty" (Matter of Speis v Penfield Cent. Schs., 114 AD3d 1181, 1182 [4th Dept 2014] [internal quotation marks omitted]). "[A] petitioner[, however,] may not delay in making a demand in order to indefinitely postpone the time within which to institute the proceeding. The petitioner must make [the] demand within a reasonable time after the right to make it occurs, or after the petitioner knows or should know of facts which give [them] a clear right to relief, or else, the petitioner's claim can be barred by the doctrine of laches" (id. [internal quotation marks omitted]; see Matter of Granto v City of Niagara Falls, 148 AD3d 1694, 1695 [4th Dept 2017]). "The term laches, as used in connection with the requirement of the making of a prompt demand in mandamus proceedings, refers solely to the unexcused lapse of time and does not refer to the equitable doctrine of laches" (Granto, 148 AD3d at 1695 [internal quotation marks omitted]). "[T]he four-month limitations period of CPLR article 78 proceedings has been treat[ed] . . . as a measure of permissible delay in the making of the demand" (id. at 1696 [internal quotation marks omitted]; see Matter of Norton v City of Hornell, 115 AD3d 1232, 1233 [4th Dept 2014], lv denied 23 NY3d 907 [2014]).
Under the circumstances of this case, petitioner knew or should have known of facts that gave her a clear right to relief as of April 19, 2021, when the District posted the opening for the full-time ELA teacher position. However, petitioner did not demand that she be recalled to her prior position until August 31, 2021, beyond the four-month limitations period. Thus, the proceeding is barred by the doctrine of laches (cf. Speis, 114 AD3d at 1182; see generally Granto, 148 AD3d at 1695-1696).
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court