Matter of 379 S 5 LLC v New York State Div. of Hous. & Community Renewal (2025 NY Slip Op 51270(U))

[*1]

Matter of 379 S 5 LLC v New York State Div. of Hous. & Community Renewal

2025 NY Slip Op 51270(U)

Decided on August 12, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 12, 2025
Supreme Court, Kings County

In the Matter of the Application of 379 S 5 LLC, Petitioner, For a Judgment Pursuant to Article 78 of the Civil Practice Law and Rules in the Nature of Mandamus,

against
New York State Division of Housing and Community Renewal, Respondent.

Index No. 524120/2024

Kucker Marino Winiarsky & Bittens, LLP, New York City (Michael F. Cuttitta of counsel) for Petitioner
New York State Division of Housing & Community Renewal, New York City (Steven T. Beard of counsel) for Respondent

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 1-11, 13-32, and 34-38.
Upon the foregoing papers, having heard oral argument, and due deliberation having [*2]been had [FN1]
, the within matter is determined as follows.
Issue
Whether Petitioner 379 S 5 LLC ("Petitioner") is entitled to a judgment pursuant to CPLR Article 78, directing Respondent New York State Division of Housing and Community Renewal ("DHCR" or ("Respondent DHCR") to determine that Petitioner is exempt from the Emergency Tenant Protection Act or the Rent Stabilization Law due to substantial rehabilitation.[FN2]

Introduction

Petitioner petitions under CPLR Article 78 for a writ of mandamus directing Respondent DHCR to issue a determination on whether its Brooklyn building is exempt from rent regulation due to substantial rehabilitation, arguing Respondent DHCR's refusal to review and rule on the application is an unlawful failure to perform its statutory duties. Respondent DHCR cross-moves to dismiss the petition under CPLR 7804 (f) and CPLR 3211 (a) (1), (5), and (7), arguing that the petition lacks merit based on collateral estoppel, res judicata, waiver, failure to exhaust administrative remedies, laches, and failure to state a cause of action, asserting that the administrative record conclusively bars this proceeding.

Background

Petitioner is the owner of 379 South 5 Street, a residential rental building located in Kings County (Brooklyn), New York, subject to rent stabilization laws. Petitioner filed this Article 78 proceeding against Respondent DHCR, seeking to compel Respondent DHCR to accept and process an application claiming that its building was exempt from rent regulation due to a "substantial rehabilitation." Specifically, in 2020, Petitioner, through its agent, City5 Consulting LLC [FN3]
, filed an application with Respondent DHCR asserting that the building was substantially rehabilitated and thus exempt from rent regulation. Respondent DHCR denied this application on June 15, 2021, finding that the building had not met the 75% system replacement [*3]standard required for exemption.[FN4]
Petitioner did not file a Petition for Administrative Review to appeal that denial.[FN5]
Close to three years later, in 2024, Petitioner attempted to submit new applications based on the same grounds, which Respondent DHCR once again rejected.

Petitioner 379 S 5 LLC's Contentions

Petitioner contends that the doctrines of res judicata and collateral estoppel are inapplicable because the 2021 DHCR denial was not a determination on the merits, but rather a default issued due to the failure of Petitioner's agent, City5 Consulting, to respond adequately to DHCR inquiries during the COVID-19 pandemic. As a matter of law, default orders do not carry preclusive effect, argues Petitioner. Further, Petitioner argues that Respondent DHCR's Notice of Disposition merely checked a box indicating that an application had been filed, which is insufficient to satisfy the legal standard for preclusion. The 2021 Order also failed to address or acknowledge substantial evidence that was included in the administrative record, such as architectural plans, engineer affidavits, and contractor documentation. Accordingly, Petitioner asserts that Respondent DHCR's contention that the issues were adjudicated on the merits is both factually and legally incorrect.
Furthermore, Petitioner asserts that the doctrine of laches does not apply in this case, as the delay of over two years in refiling the application is excusable due to pandemic-related disruptions and the incompetence of the filing agent. Executive Orders in effect during early 2021 expressly recognized the ongoing challenges posed by the COVID-19 pandemic. Moreover, according to Petitioner, Respondent DHCR has suffered no prejudice because of the delay, as it summarily rejected the refiled applications without conducting a substantive review. Petitioner also contends that Respondent DHCR's refusal to issue a formal, appealable order constitutes arbitrary and capricious action. By declining to issue formal denials on Petitioner's 2024 applications, Respondent DHCR effectively precluded judicial review, thereby violating Petitioner's due process rights. Petitioner argues that Respondent DHCR improperly relied on its discretionary authority under 9 NYCRR § 2527.6 [FN6]
to reject the application without evaluation or [*4]the tenant notification process required under 9 NYCRR § 2527.3.[FN7]
This procedural shortcut, Petitioner contends, deprived it of meaningful appellate rights under the Petition for Administrative Review process and Article 78.
Accordingly, Petitioner requests that the Court deny Respondent DHCR's cross-motion, elaborated on below, and either compel Respondent DHCR to process the 2024 application on the merits or, in the alternative, to issue a formal denial order that may be properly appealed.

Respondent DHCR's Opposition

Respondent DHCR asserts that the proceeding should be dismissed on multiple procedural and substantive grounds. First, Respondent DHCR contends that Petitioner failed to file a timely Petition for Administrative Review challenging the Rent Administrator's June 15, 2021 denial of the exemption claim ("Order and Determination"). By not filing a Petition for Administrative Review, Petitioner effectively waived its right to challenge the 2021 determination, rendering the Order final and binding. Respondent DHCR argues that this procedural failure precludes judicial review, citing the doctrine that a party objecting to agency action must exhaust all available administrative remedies before seeking judicial intervention. Thus, because a final DHCR determination unchallenged by a timely Petition for Administrative Review cannot be relitigated in court, agency decisions become administratively final if they are not timely appealed.
Citing to Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978], Respondent DHCR emphasizes that the exhaustion doctrine serves to prevent premature judicial interference [*5]with administrative processes, allows agencies to develop a consistent regulatory scheme, and permits the agency to compile a record reflecting its expertise and judgment before judicial review. As stated in Watergate II Apts., "It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (46 NY2d at 57).[FN8]
Not only does this doctrine relieve courts from deciding issues assigned to agency expertise and prevent premature judicial intervention in agency functioning, but it allows the agency to develop a coherent regulatory scheme and ensures that the agency create a full record reflecting its expertise before judicial review. Thus, by failing to exhaust its remedies, Petitioner's failure to file a Petition for Administrative Review constitutes a failure to exhaust administrative remedies. As such, Respondent DHCR asserts that Petitioner forfeited its right to litigate this matter in court.
Regarding res judicata and collateral estoppel, Respondent DHCR asserts that once Respondent DHCR denied the exemption claim in 2021 and no Petition for Administrative Review was filed, the determination became final and binding. Petitioner's 2024 reapplication attempts to relitigate the same exemption claim are barred because the issue has already been decided. Furthermore, the factual and legal determinations made in 2021 regarding the exemption apply with preclusive effect, preventing re-litigation of the same determinations.[FN9]
Respondent DHCR further adds that mandamus to compel is only appropriate for enforcing purely ministerial, non-discretionary duties, and that Respondent DHCR's processing of exemption applications is discretionary, requiring evaluation of facts (such as whether substantial rehabilitation occurred). Because the determination involves discretionary judgment, according to Respondent DHCR, mandamus relief is unavailable to compel Respondent DHCR to act in a particular manner.[FN10]

Regarding the Reif case, Respondent DHCR asserts that Petitioner's reliance on Reif is misplaced because it is a non-binding Kings County Supreme Court decision and does not constitute controlling authority. Moreover, Petitioner cited Reif for the proposition that orders issued on default do not carry collateral estoppel or res judicata effect but, according to Respondent DHCR, the Reif Court misinterpreted the Second Department's decision in Kossover v Trattler, 82 AD2d 610 [2d Dept 1981], which Reif cited in support of its conclusion. In Kossover, the Second Department did not hold that default orders lack preclusive effect generally, but instead found that a default judgment in favor of a doctor for unpaid services on a specific date did not bar a subsequent medical malpractice claim for different services on different dates as the issues were not identical (id.). Thus, it is Respondent DHCR's position that Kossover does not stand for the broad proposition cited by Petitioner, and argues further that there is no controlling authority holding that default orders categorically lack preclusive effect. Petitioner also cited to Reif for the proposition that in that case, an Article 78 proceeding resulted in a remand to allow a tenant to interpose an answer in an exemption proceeding. But Respondent DHCR distinguishes Reif by noting that, in Reif, the tenant had timely filed a Petition for Administrative Review raising their procedural concerns, which led to the remand. By contrast, Petitioner here did not file a Petition for Administrative Review following the 2021 Order, despite the Rent Administrator having considered its submissions. Thus, Respondent DHCR believes that if Petitioner wished to challenge the procedure or substance of the 2021 Order, Petitioner should have filed a Petition for Administrative Review within the required timeframe, which it failed to do. As a result, according to Respondent DHCR, Petitioner's reliance on Reif is unavailing both legally and factually in this proceeding.
Regarding laches, Petitioner waited over two and a half years before attempting to reassert the same exemption claim, and no reasonable excuse for the delay has been provided. In turn, Respondent DHCR asserts that this delay has prejudiced them: the administrative burden in reopening closed matters, potential witness and record issues due to the passage of time, and disruption to the consistent application of the rent stabilization law. Orders and judgments entered on default are entitled to collateral estoppel and res judicata effect, maintains Respondent DHCR, citing to Henry Modell & Co. v Minister, Elders & Deacons of Ref. Prot. Dutch Church of City of NY (68 NY2d 456, 461 [1986] ["Indeed, even a default judgment awarding possession to the landlord has been held to preclude litigation of subsidiary issues necessary to establish the tenant's subsequent claim for separate equitable relief, despite the fact that the equitable claim could not have been resolved in a counterclaim in the first action because of limitations on the court's jurisdiction (citation omitted)."]) and Feeney v Licari (131 AD2d 539, 540 [2d Dept 1987] ["Since a default judgment is a judgment on the merits (citation [*6]omitted), the instant action must be dismissed on the ground of res judicata (citation omitted)."]). Accordingly, it is Respondent DHCR's position that laches applies as an equitable bar to Petitioner's claims here.
And lastly, Respondent DHCR contends that its refusal to issue a new formal order in 2024 was not arbitrary or capricious. Instead, Respondent DHCR exercised its discretion consistent with 9 NYCRR §§ 2527.5, 2527.6, and 2527.8 to decline duplicative filings based on previously adjudicated claims without reopening a closed determination. According to Respondent DHCR, Petitioner's assertion that the refusal violated due process is unavailing where Petitioner failed to exhaust administrative remedies and where the agency acted within its lawful authority under the Rent Stabilization Code. Respondent DHCR thus concludes that its actions were a permissible exercise of discretion and did not constitute a denial of due process warranting judicial intervention.

Discussion

Here, the record clearly demonstrates that Respondent DHCR's 2021 denial was not issued on a procedural default. The June 15, 2021 Order was a substantive determination on the merits. The Rent Administrator expressly stated that the decision was made "[a]fter consideration of all the evidence in the record" and identified specific deficiencies in Petitioner's submission, including the absence of a PW3 form [FN11]
, an architect affidavit, and proof of payment. The administrative record further confirms that Petitioner's representative, City5 Consulting, made multiple submissions, in January, February, and March of 2021.[FN12]
Thus, the 2021 Order constitutes a substantive adjudication on the merits rather than a procedural default. Accordingly, the doctrines of collateral estoppel and res judicata apply, and further applications cannot be considered anew. Petitioner's failure to file a Petition for Administrative Review within the 35-day statutory period rendered the 2021 Order final and binding, precluding Petitioner from relitigating the same exemption claim based on the same underlying facts. Additionally, mandamus relief is inappropriate, as it is available only to compel the performance of purely ministerial duties, whereas Respondent DHCR's review of substantial rehabilitation exemption applications necessarily involves discretionary judgment.
Petitioner's failure to file a timely Petition for Administrative Review constitutes a failure to exhaust administrative remedies. Regarding laches, Petitioner's delay of over two and a half [*7]years before attempting to resubmit the same application is unreasonable. "In appropriate cases, incident to the exercise or withholding of relief thus dependent on their favor, courts are possessed of power to apply the doctrine of laches in fashioning a remedy" (Matter of Sheerin v New York Fire Department Articles 1 and 1B Pension Funds, 46 NY2d 488, 496 [1979]). In mandamus proceedings, laches does not require a showing of prejudice; unexcused delay alone is sufficient (see Matter of Zupa v Zoning Bd. of Appeals of Town of Southold, 64 AD3d 723, 725 [2d Dept 2009]). Petitioner's generalized references to COVID-related disruptions do not excuse this delay, particularly where the record shows that City5 Consulting, Petitioner's agent, continued to engage with Respondent DHCR during the same period.
Additionally, Respondent DHCR acted within its authority under 9 NYCRR §§ 2527.5, 2527.6, and 2527.8 in rejecting Petitioner's 2024 duplicative filings, as Petitioner presented no new factual or legal bases to warrant reopening the prior determination. Respondent DHCR's decision to decline issuance of a new formal order was a permissible exercise of discretion and does not constitute a denial of due process.

Conclusion

Accordingly, IT IS HEREBY ORDERED AND ADJUDGED as follows:
Petitioner 379 S 5 LLC's Article 78 petition is DENIED with prejudice in its entirety and the within special proceeding is dismissed. Respondent New York State Division of Housing and Community Renewal's cross-motion to dismiss and deny is GRANTED pursuant to CPLR 7804 (f) and CPLR 3211 (a) (1), (5), and (7).

Footnotes

Footnote 1:Transcripts of proceedings may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2:Pursuant to New York law, Article 78 of the Civil Practice Law and Rules governs special proceedings against bodies or officers. These proceedings are used to challenge the actions or inactions of government entities, including state and local agencies and officers. Specifically, Article 78 provides a mechanism for judicial review of administrative decisions.

Footnote 3:Petitioner refers to its agent as "City 5 Consulting," but the 2019 application lists it as "City5 Consulting LLC." In portions of this decision following the summary of Petitioner's position, the agent will be referred to as "City5 Consulting."

Footnote 4:Petitioner asserts that June 15, 2021 was in the midst of the pandemic and in the midst of the breakdown of Petitioner's relationship with its then-attorney.

Footnote 5:Petitioner contends that the failure to file a timely Petition for Administrative Review was due to difficulties arising from the COVID-19 pandemic, and adds that counsel who appeared on Petitioner's behalf at the oral argument of this matter was not counsel of record at the relevant time.

Footnote 6:9 NYCRR § 2527.6, entitled "Denial of Application Without Prejudice," is part of the Rent Stabilization Code which is administered by the New York State Division of Housing and Community Renewal (DHCR) (namely Respondent in this action). This section grants DHCR discretionary authority to deny an application without prejudice under certain circumstances, meaning that the denial is not on the merits and does not bar the applicant from refiling. Specifically, DHCR may deny an application without prejudice if the application is defective (such as being incomplete and procedurally improper); the application cannot be properly processed due to procedural or administrative reasons; and there are procedural deficiencies that prevent DHCR from considering the merits. For example, if a denial is without prejudice, this means that the denial does not constitute a determination on the merits, that the applicant may correct the defect and refile the application, and that no rights are lost by the applicant solely by virtue of the denial. However, although refiling is permitted, the applicant must comply with all applicable rules, filing fees, and procedural requirements upon refiling.

Footnote 7:9 NYCRR § 2527.3, entitled "Notice to Parties," which is also part of the Rent Stabilization Code administered by DHCR, establishes DHCR's obligation to provide notice to affected parties when an application or proceeding is filed under the Rent Stabilization Code, ensuring procedural due process and an opportunity to be heard before DHCR makes a determination. For example, when an application or proceeding is filed with DHCR, notice must be given to affected parties (i.e., tenants, owners, and other parties with a potential interest in the proceeding), with this notice typically being given by mailing a copy of the application or a summary thereof, allowing the affected parties to understand the nature of the application. This notice advises the affected parties of their right to respond or submit evidence within a specified period, with the notice period being determined by DHCR; moreover, the notice must provide a reasonable opportunity to participate in the proceeding.

Footnote 8:Specifically, the New York State Court of Appeals held:
 This doctrine furthers the salutory [sic] goals of relieving the courts of the burden of deciding questions entrusted to an agency (see 1 NY Jur, Administrative Law, § 5, pp 303-304), preventing premature judicial interference with the administrators' efforts to develop, even by some trial and error, a co-ordinated, consistent and legally enforceable scheme of regulation and affording the agency the opportunity, in advance of possible judicial review, to prepare a record reflective of its "expertise and judgment" (Matter of Fisher [Levine], 36 NY 26 146, 150; see, also, 24 Carmody-Wait 2d, NY Prac, §145:346) (Watergate II Apts., 46 NY2d at 57).

Footnote 9:Respondent DHCR distinguishes the case cited by Petitioner, Reif v 205 Saint James, LLC (2018 NY Slip Op 32586[U] [Sup Ct, Kings County 2018]), arguing that the Court in Reif incorrectly held that orders issued on default are categorically ineligible for preclusive effect, and emphasizing that here, the Order was not issued on default, but was issued following substantive review. Reif is discussed in greater detail herein. 

Footnote 10:It is Respondent DHCR's contention that the 2021 Order was a substantive determination on the merits, not a default. And contrary to Petitioner's assertions, Respondent DHCR also asserts that the June 15, 2021 Order was issued after full consideration of all materials in the administrative record, rather than as a procedural default due to non-responsiveness. Respondent DHCR points out that Petitioner's arguments are internally inconsistent, simultaneously claiming that City5 Consulting failed to respond while also referencing documents that City5 submitted in 2021. The administrative record, in fact, reflects multiple submissions by City5, on January 28, 2021, February 18, 2021, and March 29, 2021, demonstrating active participation in the proceeding.

Footnote 11:A PW3 form is a Cost Affidavit form used by the New York City Department of Buildings which is used to report the total cost of construction work on a project filed with the Department of Buildings, including material and labor; determine the permit fee, which is based on the reported cost of work; and certify that the cost of the work stated on permit applications is accurate.

Footnote 12:Since City5 Consulting responded to Respondent DHCR's request for more information, the notion that they were precluded from responding due to the COVID-19 pandemic is simply inaccurate.